Philadelphia & Baltimore Central Railroad Company, Appellant, *v.* Upper Darby Township.

202    429
e213    327

*Railroads—Grade crossings—Crossing highways—Acts of June* 19, 1871, *P. L.* 1360, *and June* 7, 1901, *P. L.* 531.

The Act of June 19, 1871, P. L. 1360, gives to the courts no authority to regulate grade crossings of railroads over ordinary streets and highways. The courts cannot apply the Act of June 7, 1901, P. L. 531, before the date fixed for its going into effect.

Argued Feb. 12, 1902.    Appeal, No. 377, Jan. T., 1901, by plaintiff, from decree of C. P. Delaware Co., Dec. T., 1900, No. 296, on bill in equity in case of the Philadelphia & Baltimore Central Railroad Company v. Upper Darby Township and Rufus C. Hoopes and John Leighton, Supervisors.    Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

The prayers of the bill were as follows:

1. That a temporary injunction be granted restraining and enjoining the township of Upper Darby and Rufus C. Hoopes and John Leighton, supervisors of said township, and all other persons attempting to open the road known as Bonsall avenue or First street, across the Philadelphia & Baltimore Central

Railroad at grade until the final hearing of this bill, and perpetual injunction thereafter.

2. That the order issued by the court of quarter sessions to open said road be suspended until a proper method of crossing is fixed and determined, or order to open be revoked.

3. That an injunction be granted restraining and enjoining the said township of Upper Darby and the said Rufus C. Hoopes and John Leighton, supervisors of the same, and all other persons, from attempting to open said street across the Philadelphia & Baltimore Central Railroad until the court shall finally determine the method and manner of making the said crossing; and at the expense of said township of Upper Darby.

4. That your orator may have such further or other relief in the premises as to your honorable court shall seem proper.

The court dissolved a preliminary injunction previously granted.

*Error assigned* was the decree of the court.

*J. B. Hannum,* for appellant.

*William Cloud Alexander* and *V. Gilpin Robinson,* for appellee, were not heard.

OPINION BY MR. JUSTICE MITCHELL, May 5, 1902:

The authority of courts either of law or of equity to prohibit grade crossings must rest on statute. Such crossings were almost universal from the introduction of railroads until very recently, and they are not even now unlawful. But with the growing density of population and the development of high speed of trains the dangers had become so manifest that the Act of June 19, 1871, P. L. 1360, conferred jurisdiction over the mode of crossing one railroad by another. Under that statute it was said in Perry Co. R. R. Extension Co. v. Newport, etc., R. R. Co., 150 Pa. 193, that " the time for grade crossings in this state has passed. They ought not to be permitted except in cases of imperious necessity." The policy thus expressed has been steadfastly adhered to, but it has also been explicitly declared that the authority of the courts does not extend to

grade crossings of railroads over ordinary streets and highways: Bryner v. Youghiogheny Bridge Co., 190 Pa. 617; Pittsburg, etc., R. R. Co. v. Lawrence County, 198 Pa. 1. The Act of June 7, 1901, P. L. 531, has now regulated the subject, but it would be an unwarrantable assumption of authority to apply that act before the date fixed for its going into effect.

As the want of jurisdiction was apparent the court was right in dismissing the bill.

Decree affirmed.