## Park Steel Company *v.* Allegheny Valley Railway Company, Appellant.

*Railroads—Crossing—Streets—Tramway of steel company—License—Equity—Act of June 19, 1871, P. L. 1361.*

A railroad company will be enjoined from interfering with or removing a tramway constructed by a steel company across its tracks for the purpose of hauling materials to and from different parts of the steel company's plant, where it appears that the tramway in question was constructed on a public street which the steel company had the right to make use of as part of the public, and while not required so to do had received permission from the railroad company to cross the tracks, which license had become irrevocable by the expenditure of money, and that the railroad company had refused to permit the steel company to put in a modern frog construction which would have obviated the delays complained of by the railroad company.

The Act of June 19, 1871, P. L. 1361, relating to railroad crossings does not apply where the parties have established a crossing and are using it; nor does it extend to the regulation of grade crossings of railroads over ordinary streets and highways.

Argued Oct. 24, 1905. Appeal, No. 31, Oct. T., 1905, by defendant, from decree of C. P. No. 2, Allegheny Co., July T., 1900, No. 137, on bill in equity in case of The Park Steel Company v. The Allegheny Valley Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before RODGERS, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a decree in accordance with the prayers of the bill.

*Error assigned* among others was the decree of the court.

*Thomas Patterson,* of *Patterson, Sterrett & Acheson,* for appellant, cited on the question of license: R. R. & Coal Co. v. Norton, 24 Pa. 465; Branson v. Philadelphia, 47 Pa. 329; Heyl v. R. R. Co., 51 Pa. 469; Cauley v. Ry. Co., 95 Pa. 398; Traction Co. v. Canal Co., 180 Pa. 636; Pitts. & L. E. R. R. Co. v. Lawrence County, 198 Pa. 1.

*John S. Wendt,* with him *Johns McCleave,* for appellee.—The right of the railroad company to passage along Railroad street, and especially across Thirty-first street, is qualified and subject to the restriction that the traffic passing along Thirty-first street shall not be interfered with, and the defendant company is so bound to construct and operate its railroad as to afford the public a reasonable right of passage along Thirty-first street: Com. v. R. R. Co., 27 Pa. 339; Elliott on Railroads, sec. 1093; Warner v. Ry. Co., 141 Pa. 615; Rascher v. Ry. Co., 90 Mich. 413 (51 N. W. Repr. 463); Ill. Cent. R. R. Co. v. Chicago, 141 Ill. 586 (30 N. E. Repr. 1044).

Under the surrounding circumstances, the carriage by plaintiff of its products along Thirty-first street and over defendant's railroad by the tramway in question here is not an unreasonable exercise of its right of passage over and across defendant's railroad: Jones v. R. R. Co., 151 Pa. 30; Allegheny ·v. Zimmerman, 95 Pa. 287; Vallo v. U. S. Express Co., 147 Pa. 404; Smith v. Simmons, 103 Pa. 32; Redman v. Boulevard Co., 189 Pa. 437.

The Act of June 19, 1871, P. L. 1361, relating to railroad crossings does not apply to this case because the crossing has been long established and used. It only applies to crossings about to be established adversely by railroads over other railroads or street railways. Besides, it does not apply to grade crossings of public roads and railroads.

Under the facts found by the court, it is clear that the license to cross the railroad by this tramway is irrevocable: Rerich v. Kern, 14 S. & R. 267; Kay v. Penna. R. R. Co., 65 Pa. 269; Thompson v. McElarney, 82 Pa. 174; McKellip v. McIlhenny, 4 Watts, 317; Big Mountain Imp. Co's. App., 54 Pa. 361; Dyer v. Cornell, 4 Pa. 359; Pierce v. Cleland, 133 Pa. 189; Baldwin v. Taylor, 166 Pa. 507; Willis v. Ry. Co., 188 Pa. 56; Southwestern R. R. Co. v. Mitchell, 69 Pa. 114.

OPINION BY MR. JUSTICE POTTER, January 2, 1906:

In this action, the Park Steel Company filed a bill in equity against the Allegheny Valley Railway Company, praying for an injunction to restrain the defendant company, its agents and employees, from interfering with or removing a tramway constructed and operated by the plaintiff along Thirty-first street in the city of Pittsburg, across the tracks of defendant's railroad. The court below, after hearing, granted the injunction prayed for, and further enjoined defendant from unreasonably obstructing or interfering with the operation of the tramway in the hauling of materials to and from different parts of the plaintiff's manufacturing plant. From this decree defendant has appealed.

The tramway is stated by the trial judge in his findings of fact to be a narrow gauge track, thirty-two inches in width, extending from the interior of plaintiff's furnace buildings, on the southerly side of Railroad street through said buildings to Thirty-first street, and thence along and close to plaintiff's buildings across the railroad tracks; then along and into the finishing mills lying between Railroad street and the Allegheny river. The car used is a small flange-wheeled iron truck, about eighteen inches wide and forty-two inches long. The materials hauled are ingots and billets weighing from 1,000 to 7,500 pounds. The average load is about four and one-half tons. The car is loaded by cranes and is usually hauled by mules, although sometimes pushed by men, to its destination. In its passage over the tracks of defendant each car is in charge of experienced men. Plaintiff has a watchman stationed at the railroad crossing. Its rules to regulate the use of the crossing are most stringent. The total average crossing of the railroad tracks, both loaded and unloaded, is about 100 times per diem. It also appeared by the testimony that the rails of the railroad company are not cut and there are no crossing frogs, it being what is termed a " jump crossing." The rails of the tramway are a little higher than the rails of the track and there is a space left for the flange and tread of the wheels of the railroad cars.

The court below found as facts, that public travel is not obstructed by this tramway: that its rules for the regulation of the crossing are all that could reasonably be required of plaintiff; that the use of horses and wagons for this transportation

is impracticable and would be an equal damage to the railroad; that from the operation of the tramway no serious accident resulting in either loss of life or personal injury has occurred; that on a few occasions defendant suffered a trifling property loss to its rolling stock by striking derailed trams or their loads; that occasionally, but not frequently, loaded trams are derailed upon defendant's tracks; that defendant's serious complaint is that its trains are delayed by these derailments, which are caused by reason of the construction of the crossing, it being a "jolt" crossing; that a modern frog construction of the crossing would greatly lessen the number of derailments as well as reduce the time consumed in crossing; but the defendant has refused to allow plaintiff to construct such a crossing; that the construction of a tunnel under the railroad tracks would be difficult, if not impossible, and very expensive; and that an overhead system of conveyance had been tried and proved unsatisfactory and unsuccessful.

The first assignment of error is to the decree of the court below. The second, third and fourth assignments are to findings of fact. It is sufficient to say with regard to these findings, that there is ample evidence to support all of them, and they will not be disturbed. It is very evident that what the defendant company is really complaining of, is not the tramway or its rails, for these do not in any way interfere with or injure the defendant's tracks or property, or delay its trains. It was the manner and extent of the use of the grade crossing over its tracks by the plaintiff, which the defendant company thought was objectionable, and with which it sought to interfere. Much of the argument for appellant goes upon the theory that the right to cross the tracks at the point in question is based upon a license, or permission, extended by the railway company; and it is contended that the permission given by its president could not ripen into a grant and become an indefeasible right but is necessarily revocable whenever the railroad company reaches the conclusion that it is inconsistent with the proper management of the railroad and the protection of its trains and passengers.

But this line of reasoning is not relevant to the issue now under consideration, because of the fact that the plaintiff is making use of a public street. The crossing in question is

that of a public highway, and the plaintiff has the right to make use of it, as part of the public, and is under no necessity to ask for permission, or seek license to do so, from the defendant company.   Whatever inconvenience the railway company may be under from the crossing of its tracks at grade by a public highway it is bound to submit to, or else take the proper means to abolish a grade crossing.   Furthermore, in this particular instance, it appears from the act of incorporation, that it is the duty of the railway company to avoid obstructing or impeding the free use and passage of any public roads which it may intersect; and that the duty of constructing causeways over the public roads, in order to enable all persons and vehicles to pass over the railroad with safety and convenience, is placed directly upon the railroad company.

If, however, the question of license were important in this case, we should feel obliged to hold that under the facts the plaintiff company has obtained from the defendant an express license which has become irrevocable.   One of our latest cases upon this subject is Harris v. Brown, 202 Pa. 16, where our Brother MESTREZAT says (p. 22): " It is undoubtedly true that a mere license without consideration is determinable at the pleasure of the licensor.   But that is not the rule in this state where the enjoyment of the license must necessarily be, and is, preceded by the expenditure of money.   In such cases the license becomes an agreement on a valuable consideration and is irrevocable."   Citing Rerick v. Kern, 14 S. & R. 267, and other cases.   And as far back as 1868 in Cumberland Valley R. R. Co. v. McLanahan, 59 Pa. 23, Justice SHARSWOOD held, that a license to a railroad company to cross private lands, upon the faith of which valuable improvements had been made by the company, was not within the statute of frauds and was irrevocable, and that such license might be given or ratified by parol.

It appears in the testimony in this case, and is found as a fact by the trial judge, and is admitted in the argument for appellant, that the appellee and its predecessors have made valuable improvements to their property in connection with, and in reliance upon, the agreement for this crossing.

The argument that the use of the crossing by the plaintiff company interferes with the discharge by the railroad company

of its primary duty to the public, is negatived by the finding of fact by the court below, that the obvious remedy is to permit the plaintiff to put in a modern frog construction, and that having refused to accept a modern up to date crossing, when proffered by the plaintiff, the responsibility for any resulting inconvenience or delay, caused by the use of the antiquated construction, must be borne by the defendant company.

It is also contended that the authorities under the Act of June 19, 1871, P. L. 1361, should be applied to this case. But even if the act could be extended to such a case as this, it has been expressly held in W. N. Y. & P. Ry. Co. v. Ry. Co., 193 Pa. 127, that it does not apply where the parties have established a crossing and are using it.

In Railroad Company v. Upper Darby Twp., 202 Pa. 429, it was pointed out, that under this act of 1871, the authority of the courts does not extend to the regulation of grade crossings of railroads over ordinary streets and highways.

The assignments of error are overruled, the appeal is dismissed at the cost of the appellant and the decree of the court below is affirmed.