## Lehigh & New England Railroad Company *v.* Bangor & Portland Railway Company.

*Railroads—Agreements as to crossing—License—Easement.*

1. A grant by one railroad company to another of the right to construct a crossing over the grantor's tracks, without containing any words indicating a grant in perpetuity or an interest in land, is a mere license, and is revocable at any time before the crossing is actually constructed.

2. A license in respect to real estate is an authority to do a particular act or series of acts on the land of another without possessing an estate or interest therein, while an easement always implies an interest in the land in or over which it is to be enjoyed.   In the grant of an easement two distinct elements are involved, a dominant tenement to which the right is appurtenant, and a servient tenement upon which the servitude is imposed.   A license is in the nature of a personal privilege and may be revoked before any rights have been asserted under it, or money expended on the faith of the privilege granted.

3. If an easement be granted in terms, or by language from which such an interest under settled rules of construction is implied, the covenants will be accordingly enforced.   Where the language used is of doubtful import it is for the court to construe the instrument and determine whether the grant is of a permanent interest running with the land, or only a personal privilege affecting the rights of the parties.

4. While licenses are usually given by parol, they may be conferred by instruments in writing.   The nature and character of the grant do not depend upon the manner of making it, nor is the rule of revocability affected thereby.

Argued March 10, 1910.   Appeal, No. 51, Jan. T., 1910, by defendant, from decree of C. P. Northampton Co., June T., 1909, No. 1, awarding injunction in case of Lehigh & New England Railroad Company v. The Bangor & Portland Railway Company.   Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction.   Before SCOTT, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree awarding injunction.

*W. S. Kirkpatrick*, of *Kirkpatrick & Maxwell*, for appellant.—The agreement is a grant of an easement and not a mere license revocable by the Northampton Railroad Company or its successor: Wilkinson v. Suplee, 166 Pa. 315; Lindeman v. Lindsey, 69 Pa. 93; Dyer v. Depui, 5 Whart. 584; Edelman v. Yeakel, 27 Pa. 26.

The agreement for crossing in question is binding upon

the plaintiff as successor to the Northampton Railroad Company under the merger of September 22, 1903.

The plaintiff, by reason of the agreement granting the right of crossing, has no such standing or interest in equity as entitles it to the intervention of the court under the Act of June 19, 1871, P. L. 1360.

*Edward J. Fox,* with him *James W. Fox,* for appellee.— The agreement was a mere license revocable by the Northampton Railroad Company or its successor: Baldwin v. Taylor, 166 Pa. 507; Great Falls Water Works Co. v. Great Northern Ry. Co., 54 Pac. Repr. 963; McMannan ·v. Williams, 79 Ala. 288; Baldwin v. Taylor, 166 Pa. 507; Dark v. Johnston, 55 Pa. 164; Huff v. McCauley, 53 Pa. 206.

The agreement was not binding upon the complainant as the successor of the Northampton Railroad Company under the merger of September 22, 1903.

OPINION BY MR. JUSTICE ELKIN, May 24, 1910:

The appellee company sought and obtained an injunction in the court below to restrain appellant from crossing its tracks at grade. Both companies are domestic corporations organized and created to operate lines of steam railroad under the act, of 1868. The Northampton Railroad Company, no longer existing and not a party to this proceeding, was also incorporated for the same purpose under the same act. In 1903, the ·lastnamed company entered into an agreement in writing with the appellant company granting the. right to cross its tracks at grade upon the conditions and regulations stipulated therein. This agreement was not recorded and therefore subsequent purchasers, owners or successors in title, were not affected with constructive notice of any right, privilege or interest claimed under it. Soon after the execution of this agreement all the rights, privileges, franchises and property of the Northampton company passed to appellee company by merger under the

act of 1901. At the time of the merger the crossing had not been constructed and no attempt had been made to assert any rights or privileges under the agreement. When the merger proceedings were completed in 1903, the Northampton company passed out of legal existence and is no longer a corporate entity. In 1909, nearly six years subsequent to the grant relied on, and almost as long after the grantor company had ceased to exist, the directors of appellant company by resolution approved, ratified and adopted the line, survey and location of the branch and crossing contemplated in the original agreement and authorized the construction of the same. This was the first step taken to assert any right or privilege under the agreement and it was taken many years after one of the contracting parties had passed out of existence. It is contended that this burden followed the merger and must be borne by the company succeeding to the rights thus obtained. This depends largely upon the grant itself and the nature of the privilege or interest granted. Was it a mere license to cross or was it an easement running with the land? The learned court below after full consideration held it to be a license and not an easement, and this conclusion is concurred in here. A license in respect to real estate has been defined to be an authority to do a particular act or series of acts on the land of another without possessing an estate or interest therein, while an easement always implies an interest in the land in or over which it is to be enjoyed. In the grant of an easement two distinct elements are involved, a dominant tenement to which the right is appurtenant, and a servient tenement upon which the servitude is imposed. A license is in the nature of a personal privilege and may be revoked before any rights have been asserted under it, or money expended on the faith of the privilege granted. The dividing line between a license and an easement is frequently somewhat obscure and not easily distinguished. The distinction must of necessity depend upon the interpretation of the terms

of the grant. If an easement be granted in terms, or by language from which such an interest under settled rules of construction is implied, the covenants will be accordingly enforced. Where the language used is of doubtful import it is for the court to construe the instrument and determine whether the grant is of a permanent interest running with the land, or only a personal privilege affecting the rights of the parties. In the present case it is doubtful to say the least whether there is in any proper legal sense both a dominant and servient tenement to make the doctrine of easements applicable at all. The contracting parties, two railroad companies, were not dealing about lands, or estates or interests in land, but confined their negotiations and agreement to the privilege of crossing tracks. The words of the grant are, "The party of the first part hereby grants to the party of the second part the right to cross with single track the tracks of the party of the first part." The thing granted was the privilege of crossing tracks and no words are used indicating an intention to grant an interest in land. The agreement is silent as to how long the privilege was to be enjoyed and we fail to find anything contained therein to indicate an intention to grant an interest running with land. The grant is only to the party of the second part, not to its successors and assigns. No words are used to suggest a grant in perpetuity, such as "at all times," or "hereafter forever," or to "its successors and assigns forever" or any other like phrases, which have been held in some cases to create an easement. There is nothing in the language of the covenant, nor in the parties to the agreement, to indicate anything more than the grant of a privilege in the nature of a license by the party of the first part to the party of the second part to cross its tracks at grade. The second party failed to exercise the privilege during the corporate existence of the party granting it, and made no attempt to do so for nearly six years after the rights, privileges and franchises of the party of the first part had passed to the appellee company

under the merger proceedings. It is doubtful whether the privilege thus granted was a debt, liability or duty imposed upon the consolidated company within the meaning of the act of 1901, but even if it was, the nature of the obligation was not changed by the merger and the character of the privilege remained the same after the merger as before it took place. It was at all times a revocable privilege until moneys had been expended, or work had been done on the faith of it, and nothing of this kind had been done up to the time of filing this bill. It being a license or privilege to cross tracks, and not an easement running with land, the right of revocation ran with the grant and could be exercised at any time before execution. The suggestion of the learned court below that the license not having been executed was revoked by the merger we are inclined to think is entirely sound, but whether it was so revoked or not, the right of revocation at least followed the merger and the filing of this bill to restrain the construction of the crossing is a sufficient notice and exercise of such revocable act. While other interesting questions have been considered and discussed by the court and counsel no useful purpose will be served by going over this ground, because if the grant relied on is a mere license, and the court below and here so hold, that is an end of the case. Our own cases furnish ample authority for holding the present grant to be a license: Huff v. McCauley, 53 Pa. 206; Baldwin v. Taylor, 166 Pa. 507; Willis v. Railway Co., 188 Pa. 56; Park Steel Co. v. Railway Co., 213 Pa. 322. While it is true licenses are usually given by parol, they may be conferred by instruments in writing. The nature and character of the grant do not depend upon the manner of making it, nor is the rule of revocability affected thereby: 1 Washburn on Real Property, 629; 25 Cyc. 645.

Decree affirmed at cost of appellant.