## Cryer *v.* Sawkill Pines Camp, Inc., Appellant

*Deeds—Construction—Tract adjoining non-navigable pond—Course along pond—Title to middle of pond not given.*

A deed to land adjoining a non-navigable pond does not give title to the middle of the pond, where the tract is described by courses and distances and the course next to the pond is stated to begin "at a heap of stones" on the east bank of the pond, "thence by land of W. and along the east bank of said pond," etc. and fails to call for the pond itself as a boundary.

The privilege of watering cattle at a pond does not include the right to maintain a dock on the pond or to row or bathe therein.

Argued March 1, 1926.   Appeal No. 10, February T.,

1926, by defendant, from judgment of C. P. Pike County, September Term, 1924, No. 16, in the case of Martha G. Cryer v. Sawkill Pines Camp, Inc. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Affirmed.

Case stated to determine title to land in amicable action of trespass. Before SHULL, P. J.

The case stated as filed by the parties is as follows:

And Now, September 15, 1924, it is agreed by and between the parties to the above suit, that the following case be stated for the opinion of the Court in the nature of a special verdict.

1. That on August 1, 1924, the plaintiff, Martha G. Cryer, was the owner in fee and in peaceful possession of a certain tract of land, adjoining defendant's land hereinafter mentioned, covered by the waters of a certain commercially non-navigable natural pond known as Sawkill Pond, the plaintiff's title papers calling to high water mark as a boundary, a description of which is in the deed annexed hereto and made a part hereof. Said pond having an area of about 80 acres, being part of the Ludwig Vandermark Warrantee No. 134, and a small piece of land approximately 300 feet square adjoining said land or pond situate in Dingman Township, Pike County, Pennsylvania. Said pond being the source of Sawkill Creek, which flows into the Delaware River.

2. That on August 1, 1924, the defendant, Sawkill Pines Camp, Inc., a Pennsylvania corporation, was the owner in fee and in quiet use and possession of a certain tract of land, containing about 100 acres, located on the Southeast of said Sawkill Pond, and bounded on the Northwest by said pond and bordering

the waters thereof. That there was erected thereon a boarding house and cottages, which would accommodate 25 to 50 guests, also suitable buildings for a boys' summer camp, where about 30 boys and their councillors were housed and entertained. Defendant's deed marked Exhibit "A" is made a part hereof.

3. That prior to August 1, 1924, said defendant, from its land and in front thereof, did enter upon said pond, and did construct a dock or boat landing extending from its land over the water of said pond a distance of twenty feet or more, and did place row boats on said pond, and did construct and place on said pond, at a distance of about one hundred feet from the shore thereof, abreast of its property, a dock or float or raft, from which its guests and members of said camp by its permission and authority, did dive into the waters of said pond, and did swim therein, and did also row boats over said pond.

4. That plaintiff, Martha G. Cryer, placed trespass signs or notice on said pond, in August, 1924, in accordance with the Trespass Act of April 4, 1905, P. L. 169, stating said pond was private property and warning all persons from trespassing thereon. Also plaintiff's agents called upon defendant requesting it to remove said dock, float and boats from said pond, and personally notified it to keep off the same.

5. That said Sawkill Pond is not closely built up along its borders, and the land adjoining is in practically a wild state. It is agreed that if defendant possessed the legal right to use the pond as above set forth, and as it did, said use was not unreasonable in extent.

6. That defendant refused to remove said dock or float or raft, and did continue to keep and maintain

same thereon, on August 1, 1924, and thereafter, during the month of August, 1924, and did row boats thereon and did bathe and swim therein during said month; claiming that as a riparian owner, it had a legal right to do so.

7. It is agreed that if judgment is given for plaintiff, that the sum of One Hundred Dollars is not to determine the full amount plaintiff may be entitled to recover from defendant for trespasses on said lake, and that the amount plaintiff might be entitled to recover may be determined in other proceedings.

8. If the Court be of the opinion that defendant, Sawkill Pines Camp, Inc., had no legal right to maintain said dock or float or boats on said pond, or swim or bathe therein, then judgment to be entered in favor of plaintiff, Martha G. Cryer, and against defendant, in the sum of One Hundred Dollars; but if court be of the opinion that said defendant, Sawkill Pines Camp, Inc., had a legal right to do so, the judgment to be entered for defendant, the costs to follow the judgment, and either party reserves the right to sue out a writ of error thereon.

The court entered judgment for the plaintiff. Defendant appealed.

*Error assigned* was the order of the court.

*Ralph W. Rymer,* and with him *Xenophon P. Huddy,* for appellant.

*J. R. Guckes,* of *Gill, Guckes and Shrader,* and with him *George R. Bull,* for appellee.

Opinion by Keller, J., April 19, 1926:

The plaintiff, claiming that the defendant corpora-

tion had unlawfully constructed a dock and float on
Sawkill Pond, a commercially non-navigable natural
pond in Pike County, having an area of about eighty
acres, and that its members and guests were unlaw-
fully using the pond for boating and bathing, brought
this action in trespass. The parties agreed upon a
case stated which, exclusive of the exhibits, will be
printed by the Reporter. The court below entered
judgment for the plaintiff and defendant appeals.

Defendant attempts to justify the alleged trespass
on two grounds: (1) That ownership of its tract of
100 acres carries implied title to the centre or middle
of the pond; (2) that a clause in its deed—and pres-
ent in the chain of title since 1848—, securing to
the owner of the land "the privilege of going to the
pond with cattle either at high or low water mark,"
gives it the right to do the acts complained of.

(1)   As respects the first position, it would seem
that the defendant in agreeing to the facts of the
case stated—(see paragraph one)—has cut the ground
from under its feet; for it admits that the plaintiff on
August 1, 1924 "was the owner in fee and in peace-
ful possession of a certain tract of land adjoining
defendant's land hereinafter mentioned, covered by
the waters of Sawkill Pond, the plaintiff's title papers
calling to high water mark as a boundary"; and the
description of the premises in plaintiff's deed, which
is made a part of the case stated, embraces "All the
land covered by the waters of a certain pond known
as Sawkill Pond or Cox Pond to high water mark,
being about eighty acres of land, more or less." If
plaintiff was the owner in fee of all the land covered
by the waters of the pond to high water mark, de-
fendant could not successfully claim an implied title
to the  centre of the pond merely by reason of the
ownership of land bordering on the pond. But, as-
suming, for the sake of argument, that the defendant
inadvertently admitted more than it intended by the

case stated, we are still of opinion that the learned court below correctly determined that the defendant's title did not extend to the centre of the pond.

It seems to be accepted by both parties that the exhibits attached to the case stated show that John H. Wallace was the common source of title of both plaintiff and defendant; that he had title to all the land affected by this litigation, including the pond; and that whatever remained in him after the grant to Wainwright [defendant's predecessor in title] became vested in the plaintiff. Defendant's first point raises the question whether the deed to Wainwright, which is identical in form with the defendant's deed, passed title to the grantee to the centre of the pond.

The case of Conneaut Lake Ice Co. v. Quigley, 225 Pa. 605—on which defendant places much reliance—was concerned with a lake navigable in fact. The question involved was whether in obtaining his patent from the Commonwealth for the land surrounding the lake the patentee took title to the middle of the lake or only to the water's edge. Our Supreme Court approved the rule as declared in Lamprey v. State, 52 Minn. 181, that where the lake is navigable in fact its waters and bed belong to the State, in its sovereign capacity, and the riparian patentee takes the fee only to the water's edge; but where the lake is non-navigable in fact the *patentee* of land bordering on it takes to the middle of the lake; thus differing, as to non-navigable lakes or ponds, from the rule in force in Massachusetts, which retains title to the bed and waters of the pond in the Commonwealth. See Kanouse v. Stockbower, 48 N. J. Eq. 42, 21 Atl. 197 for a fuller consideration of the subject. The Conneaut Lake decision is authority in this case for the proposition that the patent to Ludwig Vandermark, for a tract of land including within it Sawkill Pond, passed a fee simple title to all the land covered by the waters of the pond; but it does not support the po-

sition taken by appellant that the present owner of land bordering on a pond necessarily holds title to the centre. Our Supreme Court decided otherwise in Baylor v. Decker, 133 Pa. 168, 173, and Smoulter v. Boyd, 209 Pa. 146, followed by this court in Fuller v. Cole, 33 Pa. Superior Ct. 563. It was perfectly competent for Wallace, who owned the pond and all the land around it, to convey to defendant's predecessor in title a tract of land extending along the east bank of Sawkill Pond without granting him any rights to or in the waters of the pond or the land underlying it: Gibbs v. Sweet, 20 Pa. Superior Ct. 275, 283; Fuller v. Cole, Supra, p. 568; Canal Appraisers v. The People, 17 Wendell 570, 596, 597; Greenspan v. Yaple, (App. Div.) 194 N. Y. Supp. 658, 660.

The appellee contends, and rightly so, in our opinion, that the deed from Wallace to Wainwright under which defendant claims title, clearly shows the intent of the parties to retain in the grantor the title to the bed and waters of the pond and only to convey the land up to the line described as running along the east bank of the pond. The description of the premises conveyed supports this contention. It reads, (italics ours), "Beginning at a *heap of stones* by side of a rock on the east bank of Sawkill Pond; thence [after several courses away from the pond], by other lands of said John H. Wallace [plaintiff's predecessor in title]......north 53 degrees west 107 perches to *stones;* thence by same [that is, *by other lands of Wallace*] and *along the east bank of Sawkill Pond,* as follows, north 12 degrees east 72 perches,......north 17½ degrees east 16 perches to the place of beginning. Containing 100 acres strict measure, be the same more or less." It will be noted that the deed does not call for the pond as a boundary. The starting point of the survey is not the pond, but "a heap of stones by side of a rock on the east bank of Sawkill Pond." The course

leading towards the pond does not call for the pond as the terminal or boundary, but reads "107 perches to *stones*." And the subsequent courses are not described as "along said *pond*," etc., but "thence by same [that is, *by other lands of Wallace*] and *along the east bank of Sawkill Pond*," etc., showing the intention that the line of the property conveyed, should only run up to and along the edge of the bank and be bounded there by lands of Wallace, the owner of the pond. The description in the present deed is strikingly similar to the description in the deeds considered in Smoulter v. Boyd, supra (p. 148), and Fuller v. Cole, supra (p. 566), in both of which it was held that the deed did not call for the pond as a boundary, nor show an intention to convey to the centre of the pond or grant any rights beyond the fee in the land as described in the deed. Furthermore the very fact that the deed from Wallace to Wainwright specifically provided that the grantee should have "the privilege of going to the pond with cattle either at high or low water mark" is persuasive evidence that the deed did not purport to grant him title to the land covered by the waters of the pond nor confer any rights in it except such as were expressly granted. The grant of an easement implies two tenements; the dominant to which the privilege is attached; the servient, upon which it is imposed: Bradley v. Am. T. & T. Co., 54 Pa. Superior Ct. 388, 396; Lehigh & N. E. R. Co. v. B. & P. Ry. Co., 228 Pa. 350, 353. If the grantee by the deed acquired title to the middle of the pond it was unnecessary, if not misleading, to grant him the right to water his cattle there. One cannot have an easement in his own lands: 19 Corpus Juris 863.

Appellant urges upon us with much insistence the case of Gouveneur v. National Ice Co., 134 N. Y. 355, 31 N. E. 865. If the decisions of our Supreme Court rule the case against him, it is, of course, immaterial what the Court of Appeals of New York may have de-

cided; but a careful examination of that case shows it to be in substantial harmony with the law as laid down in this state. It was held in the Gouveneur case that one who had conveyed away to others, by deeds calling for the pond as a boundary, all the land surrounding a natural non-navigable pond or lake, without reserving to himself the land under the pond, will be held to have parted with his title to the land covered by the waters of the pond, and that each riparian owner's title extends to the centre line of the pond. But the decision was based on the fact that the deeds called for the *pond* as the boundary. The opinion recognized the distinction, clearly established in that state, between grants where the course is described as running "along the *pond*," or "along the *stream*," and those where the line runs "along the *bank*," or "along the *shore*," of the pond or stream; under which it is ruled that only the former carry title to the centre of the pond or stream: Child v. Starr, 4 Hill 369; Starr v. Child, 5 Denio 599; Halsey v. McCormick, 13 N. Y. 296; and it was because the line in the Gouveneur case was described as, "along said pond," that the deed was held to call for the pond as a boundary and therefore to carry title to its centre. In Fulton L. H. & P. Co. v. State, 200 N. Y. 400, 94 N. E. 199, 204, which followed the Gouveneur case, it was said, "A boundary line which is described as 'along the shore' or 'along the bank' of a fresh water stream [or pond—the rule is the same] would not extend to the centre; for there would be a prescribed limitation of the line to the shore or bank." To the same effect see Landon v. Clark, 242 Fed. 30, 37 (C. C. A. 2d Circuit), where the Gouveneur case is discussed. The principle is in substantial accord with our case of Wood v. Appal 63 Pa. 210, 224, where our Supreme Court said: "In navigable streams the title runs to ordinary low-water line, and in unnavigable to the middle of the stream. But if the stream

is not made the boundary, or if a line is actually run and marked for the survey apart from the stream, the rule changes to suit the facts of the case." Following the Gouveneur ruling, as thus explained, defendant's property ends at the line "along the east bank of Sawkill Pond" and does not extend to the centre of the pond.

(2) Nor do we have any doubts as respects the defendant's second point. The grant from Wallace to Wainwright limiting the premises conveyed to the boundary line therein set forth, reserved to the grantor, Wallace, "the privilege of flowing to the top of the bank," once again recognizing in Wallace the continued ownership of the pond and the land under it; but provided that "Wainwright is to have the privilege of going to the pond with cattle either at high or low water mark." The right thus granted is clear and unambiguous. It is limited to the purpose defined in the grant: Bell v. R. R. 25 Pa. 161, 181; Woodring v. Hollenbach, 202 Pa. 65; Eastern Pa. Power Co. v. Lehigh C. & N. Co., 246 Pa. 72, 78; 19 Corpus Juris 974, sec. 218. It cannot be extended to embrace objects not fairly within the scope of the privilege granted. It is clear to us that the privilege of watering cattle at the pond, thus conferred on Wainwright and his assigns, does not include the right to maintain a dock or float on the pond or to row or bathe therein.

The assignment of error is overruled and the judgment affirmed.