## Mershon *v.* Fidelity Insurance, Trust and Safe Deposit Company, Appellant.

*Easement—Right of way—Equity.*

Where each of two adjoining owners has an easement of passage over an alley, one cannot make an excavation in the alley for an areaway to obtain access to his building and to secure light and air for his basement, and the court will not only enjoin the use of such areaway, but will order it to be solidly filled up, unless it is made to appear that it can be used so as not to be a substantial interference with the right of passage.

Argued Jan. 6, 1904. Appeal, No. 231, Jan. T., 1903, by defendants, from decree of C. P. No. 2, Phila. Co., June T., 1901, No. 4026, on bill in equity in case of Kate M. Mershon and Albert H. Mershon, Trustee, v. The Fidelity Insurance, Trust and Safe Deposit Company, Trustee, and Thomas B. Wanamaker. Before MITCHELL, C. J., DEAN, FELL, BROWN,

MESTREZAT, POTTER and THOMPSON, JJ.   Decree modified and affirmed.

Bill in equity for an injunction.

The facts appear in the opinion of the court below by WILT-BANK, J.:

The findings of fact of the trial judge have not been the subject of exception.   They may be stated as follows: The plaintiffs' own land fronting on the south side of Chestnut street, in this city, one hundred and three feet east of Broad street, twenty-two feet wide, and extending in depth southwardly of that width one hundred and fifty-nine feet to the head or northern end. of a strip of land or court twenty feet wide and seventy-six feet long which runs to Sansom street.   This court bounds on the east land owned by the defendants, which fronts on Broad street at the corner of Sansom street, containing seventy-eight feet on Broad street and extending of that width eastward to the court referred to.   Thus the lots lie at right angles to each other, the rear of one abutting upon the head of the court, while the rear of the other abuts upon the side, or western boundary thereof ; and it is conceded that each has the right of access to and use of this passageway.

This passageway is part of a larger way which was laid out by the owners of the land, John H. Brinton and Edward Shippen Burd, prior to January 1, 1827, extending of its present width one hundred and fourteen feet, and since then, by divers conveyances in 1827 and 1828, reduced in length to seventy-six feet, as it has since remained, as above described.   The plaintiffs and defendants derive title from a common grantor to an easement therein, the use to be " with or without horses, cattle, carts and carriages at all times hereafter forever."   It it now used with a sidewalk of five feet on the west line and a cartway of fifteen feet on the other part thereof.

The defendants have, since the year 1900, erected a building on their lot, extending up to the western line of the court, and have made an excavation in the sidewalk, so as to open the cellar floor to the light and air, and so also as to secure an entrance to the cellar by a stone stairway running down from the court ; and they have placed gratings on hinges over this open-

ing, to be raised or lowered according to a design to use or to close the passage from the court to the cellar. They have stipulated to forego the use of the stone steps and to fasten the grating permanently in a horizontal position along the sidewalk, whereby it shall become a substitute for the solid way of some kind of paving, which they removed. The plaintiffs contended that this concession is insufficient, and that they are entitled to a decree that the sidewalk be restored in every particular to its original character.

The trial judge found the evidence inadequate to the determination of two questions of fact, to wit: whether the sidewalk of five feet had been created by convention or use binding upon the parties and modifying the character of the court as a cartway; and whether, if thus the five feet passage had ceased to be a part of the cartway to become a sidewalk, the laying of a permanent grating on a level with the sidewalk and over the excavation described was an interference with the right of foot passage; and he saved to the plaintiffs the right to proceed at law on these issues. The exceptions of the plaintiffs relate to these points.

Obviously, if the sidewalk of five feet had not been lawfully created, the action of the defendants in making the excavation complained of in order that they might obtain access to their building involved a change of the alley for a purpose foreign to its dedication, and was illegal if without the assent of all the parties in interest. This was the finding of the trial judge: Ellis v. Academy of Music, 120 Pa. 623. An examination of the pleadings has led to the conclusion that we may not put the plaintiffs to proof on the point, the import of the bill, answer and agreement of the defendants at bar being that the cartway had remained unchanged. That a part of the cartway had been made a passage for pedestrians, and that this had worked a modification of the mutual rights and obligations of the parties interested was matter of defense; the defendants advisedly disclaimed it, and what evidence was submitted did not, we think, have the weight to move a chancellor. The sixteenth paragraph of the bill averred that the plaintiffs were entitled to and had " enjoyed the common use, right, liberty and privilege of the said twenty feet wide court of the whole width, with or without horses, cattle, carts and carriages with-

out hindrance, interference or obstruction until " the action. of the defendants complained of.  At bar it was stipulated that this, among other averments, need not be proved, and that it should be taken as not denied by the answer.

We think that a determination of the question by a jury in favor of the defendants would not reach the point of the case, which hinges upon the fact of the excavation and artificial cover, the effect of which upon the right of the plaintiffs must be treated as a question of law.  Even if there was found "an ancient and continuing use of the "westernmost five feet as a footway," there would remain for consideration the unlicensed digging away of the five feet and substitution of a grating for a solid surface. The trial judge at nisi prius would declare this illegal and leave to the jury the ascertainment of damages.  But we find no evidence of an ancient continuing use, and are of the opinion that we should dispose of the case : Socher's Appeal, 104 Pa. 609 ; McGowin v. Remington, 12 Pa. 63 ; Walters v. McElroy, 151 Pa. 557.

Whether this is a sidewalk or a cartway, the decree should be in favor of the plaintiffs.  The contestants are private property owners ; the way is a private way ; the permanence of the reservation has been impaired, and its uses have been enlarged, not to the advantage of all concerned, but of one party only, who thus grasps a right and benefit, that of light and air, not incident to his estate for his exclusive enjoyment, and at some risk to the others in ingress and egress.  The defendants took no right under the grants of John H. Brinton and Edward Shippen Burd other than as expressly created by their deed, and without the assent of all interested in the easement they cannot alter the surface of the land for another use.  This involves a trespass and an uncertainty as to future injury which equity will remedy.

An easement does not confer possession upon the persons in whom it is vested ; an easement confers no right to abstract any physical attribute from the land ; a right of way is merely the legal power to pass across a given piece of land without taking anything perceptible from it.  All servitudes are stereotyped in character, and cannot be varied at the pleasure of the parties : Jenks, Modern Land Law, 149, 151.  We need not consider whether the agreement of the plaintiffs and defend-

ants would be sufficient to bind the original grantors and their successors to an alteration of this passageway. It is clear that we have the case of one grantee acting against the protest of another, and no equity has been shown in his behalf : Home v. Richards, 4 Cal. 441 ; Snyder v. Warford, 11 Mo. 513 ; Emans v. Turnbull, 2 Johns. 313 ; Phillips v. Bowers, 7 Gray, 21 ; Kaler v. Beaman, 49 Maine, 207 ; Noyes v. Hemphill, 58 N. H. 536 ; Valley Falls Co. v. Dolan, 9 R. I. 489 ; Hacke's Appeal, 101 Pa. 245 ; Weber v. Abbott, 3 County Court Reports, 274.

We sustain the exceptions of the plaintiffs, and overrule those of the defendants. Let a decree be drawn accordingly.

The court entered a decree directing that the excavation for the areaway should be solidly filled up with earth.

*Error assigned* was the decree of the court.

*John G. Johnson*, for appellant.

*Alex. Simpson, Jr.*, with him *John W. Graham, Jr.*, for appellee.

PER CURIAM, March 7, 1904 :

From the facts as found by the learned court below it is established that the plaintiffs as abutting owners have an absolute right to a surface easement of passage over the alleyway in question, unimpeded, and substantially unchanged from the condition in which it has been heretofore used. The excavation made by defendants, even though permanently closed by an iron grating, is a substantial interference with the right of passage. It may not be necessary to " solidly fill up with earth the areaway " as commanded by the decree, though it has not been shown to us how that can be avoided consistently with the full restoration of the plaintiffs' right of passage. But it is so argued by appellants and that raises a question of fact into which the court below may inquire if sufficient basis for a modification of the decree in that respect shall be hereafter presented. With the reservation of leave to apply to the court below for such modification the decree is affirmed upon the opinion of the court.

Decree affirmed with costs.