# Cain v. Aspinwall-Delafield Co. et al., Appellants.

*Deeds—Plan of lots—Streets—Easements—Rights of lot owners —Destruction of easement—Change of grade—Damages—Compensation—Constitution—Bill of rights.*

1. Where land is laid out in a plan of lots and sold, the rights of the purchasers of the lots in the streets must be through the contract with the original dedicator owner under whom the easement was created.

2 Such dedicator owner stands in the same relation to the easement thus created as any other lot owner.

3. As an original owner and dedicator, he has no power to abridge or enlarge the easement rights he has already granted to lot owners who had purchased from or through him.

4. Any infringement of the lot owner's easement of passage or access by the original owner or others to the lot owner's damage must be compensated for, under the bill of rights of the State Constitution.

5. The right of a party who owns to the center line of the street is that of fee simple ownership in the soil, subject to the right of passage of other lot owners and the public.

6. His right of passage and travel thereon is equal to and in no sense greater than that of any other lot owner and the general public.

7. Such owners occupy the dual position of being both dominant and servient owners, enjoying all the rights appurtenant to such holding and being subjected to its disabilities as well.

8. As dominant tenants they have the unrestricted right of passage, but own no part of the soil.

9. As servient tenants they must bear the burden imposed, but have title to the soil covered by the right of way as well as to their adjoining lots.

10. The easement of passage created by dedication must be reasonably interpreted; it includes the right to do such reasonable acts as may make the way passable, and gives to the owners the privilege of leveling the soil of a right of way so long as no damage is done to adjoining owners.

11 While each owner may make reasonable changes in the surface of a street, he cannot change the grade and cut off, or interfere appreciably with, a neighboring owner's ingress to or egress from his lot, or make it less convenient and useful to any appreciable extent.

*Equity—Findings of fact by chancellor—Like verdict of jury.*

12. A chancellor's findings of facts supported by the evidence must be given the same weight as the verdict of a jury.

Argued March 17, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 67, March T., 1927, by defendants, from decree of C. P. Allegheny Co., Jan. T., 1926, No. 1255, on bill in equity, in case of Michael B. Cain v. The Aspinwall-Delafield Company, a corporation, and Frederick C. Sauer and James McHugh. Affirmed.

Bill for injunction. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting record.

*James G. Marks,* for appellants.—A coöwner of a private easement of way has a right to make it passable:

Hammond v. Hammond, 258 Pa. 51; O'Donnell v. Pittsburgh, 234 Pa. 401; Quicksall v. Phila., 177 Pa. 301; Clymer v. Roberts, 220 Pa. 162; Chambersburg S. Mfg. Co. v. R. R., 240 Pa. 519; Gailey v. Traction Co., 283 Pa. 381; Schumacher v. Ploplis, 87 Pa. Superior Ct. 265; Mershon v. Fidelity, etc., Co., 208 Pa. 292; Herman v. Roberts, 119 N. Y. 37.

The impassable condition of Warwick Place was caused by appellee and his immediate predecessor in title.

Defendants are not estopped: Garvey v. Refractories Co., 213 Pa. 177.

*Thomas L. Kane,* for appellee.—An owner in common of an easement of way has no right to change its grade or alter its surface to the injury of an objecting coöwner: Clymer v. Roberts, 220 Pa. 162, 166; Falls v. Reis, 74 Pa. 439, 442; Firmstone v. Spaeter, 150 Pa. 616, 618; O'Donnell v. Pittsburgh, 234 Pa. 401; Gailey v. Traction Co., 283 Pa. 381; Chambersburg S. Mfg. Co. v. R. R., 240 Pa. 519; Stivason v. Serene, 80 Pa. Superior Ct. 1; Mercantile Library Co. v. Trust Co., 235 Pa. 5; Scott v. R. R., 222 Pa. 634; Cox v. Penna. Co., 263 Pa. 132; Briesch v. Coal Co., 267 Pa. 546; Stuart v. Gimbel Bros., 285 Pa. 102; Garvey v. Refractories Co., 213 Pa. 177; Mershon v. Fidelity, etc., Co., 208 Pa. 292.

The condition of Warwick Place was not caused by appellee nor his immediate predecessor in title: Garr v. Fuls, 286 Pa. 137.

Defendants are estopped as to any actions of plaintiff's predecessor in title: Leininger v. Goodman, 277 Pa. 75; Muia v. Herskovitz, 283 Pa. 163; Gailey v. Traction Co., 283 Pa. 381.

OPINION BY MR. JUSTICE KEPHART, April 18, 1927:

The Aspinwall-Delafield Company, owner of a large tract of land in O'Hara Township, laid it out into lots.

Appellee became the owner of lot 25 and part of lot 21, abutting on the south side of Warwick Place, an unopened street 30 feet in width. This street connects with Hampton Road to the east, and to the west with Pasadena Drive, all being on the plan of lots laid out by appellant. Warwick Place was not improved and remained generally, until these occurrences, in its natural state, with underbrush, trees, and no visible indications of a street, and it was never accepted as such by the township. Warwick Place is on a hillside, sloping from north to south, and appellee's lot is at a much lower level than appellant's on the north side.

In the fall of 1925, the Aspinwall-Delafield Company, with other lot owners, undertook to make Warwick Place passable from east to west. There was a serious dip or fall south of its center line, of from four feet to ten feet in width, one hundred twenty-five feet in length. The other parts of the street are practically level. To fill in the depression and make the street level throughout, appellants built along appellee's lot 25 a cribbing wall sixty-five feet in length, and varying from two and one half to five and one half feet in height. Complaint was made by appellee of the change of grade, and the court below granted an injunction, directing Warwick Place to be restored to the condition originally existing; hence this appeal.

Appellants take the broad ground that, as lot owners in a plan of lots, which provided for streets, they are entitled to do what is reasonably necessary to make the street passable, regardless of whether the condition to be remedied is a natural or artificial one.

The contention is stated too broadly; its application must depend largely on the facts in a given case. Under the conveyances, the title of the abutting lot owners extended to the center of Warwick Place. There is no question of implied dedication: Milford Boro. v. Burnett, 288 Pa. 434. An original owner who dedicates land for streets and sells lots thereon stands in the same re-

lation to the easement thus created as any other lot owner. As an original owner and dedicator, he has no power to abridge or enlarge the rights he has already granted to lot owners who purchased from or through him (Stivason v. Serene & Serene, 80 Pa. Superior Ct. 1, 8; Carroll v. Asbury, 28 Pa. Superior Ct. 354); the rights of the parties in the street must be through the contract with the original dedicator: Gailey v. Wilkinsburg R. E. & T. Co., 283 Pa. 381, 385; Chambersburg S. Mfg. Co. v. R. R. Co., 240 Pa. 519, 523. Any infringement of the easement of passage or access by the original owner or others to the lot owners damage must be compensated for: Gailey v. Wilkinsburg R. E. & T. Co., supra. The right of a party who owns to the center line of the street is that of fee simple ownership in the soil, subject to the right of passage of other lot owners and the public (Library Co. v. Fidelity Trust Co., 235 Pa. 5, 15; Gailey v. Wilkinsburg R. E. & T. Co., supra); and such an owner may make any use of his fee upward (Sagerson v. Nathan Realty Co., 281 Pa. 358; National Accident & Health Insurance Company v. Workmen's Circle Lyceum Federation, Inc., 289 Pa. 164) or downward (Stuart v. Gimbel Bros., 285 Pa. 102, 110) as long as he does not substantially interfere with the easement of passage: Library Co. v. Fidelity Trust Co., supra. His right of passage and travel thereover is, however, equal to and in no sense greater than that of any other lot owner and the general public: 13 Ruling Case Law, section 107, p. 123.

Such owners occupy the dual position of being both dominant and servient tenants, enjoying all the rights appurtenant to such holding and being subjected to its disabilities as well. As dominant tenants they have the unrestricted right of passage, but own no part of the soil. As servient tenants they must bear the burden thus imposed, but have title to the soil covered by the way as well as to their adjoining lot; they may protect

both from unlawful acts inflicted through the dominant tenancy of passage in others. The easement of passage created by dedication must be reasonably interpreted; it includes the right to do such reasonable acts as may make the way passable, and gives to the owners the privilege of leveling with the soil of a way as long as no damage is done to adjoining owners.

The deed of the original owner created contract rights in the various lot owners, and they stand in a contractual relation to each other as to this street. While an easement confers no right to abstract any physical property from the land (Mershon v. Fidelity Ins. T. & S. D. Co., 208 Pa. 292, 295), yet "where there are several owners of an easement, such as a private way, each owner may make reasonable repairs to the way or street which do not injuriously affect his coöwners; but he cannot make any alteration of the course of easement or any change in its grade or surface which makes it less convenient and useful to any appreciable extent [to an adjoiner] or any one who has an equal right therein." 9 R. C. L., sec. 51, p. 795; Killion v. Kelley, 120 Mass. 47, 52; Draper v. Varnerin, 220 Mass. 67, 70. He cannot inflict appreciable damages on any abutting owner.

Here the change of Warwick Place, as found by the court below, was unreasonable. Appellee's land was entered, a rough wall of old ties was erected, which rises about five feet, with the surface level of the street made eight feet higher than the northern line of plaintiff's property, the whole cutting off appellee's access to his property. Even a municipality could not make such change of grade without compensating the lot owner. If this action is sustained under a contract arising from a mere conveyance to the center line of an unopened street, it would be a most unusual construction, and appellee would receive no compensation for the damages. If appellants' contention were correct, appellee could lower the grade of this street to the level

of his northern property line, leaving appellant's property on an embankment ten to twelve feet high. Such right could not be sustained under any theory of making a private way reasonably passable.

The Bill of Rights of our state Constitution amply protects private property rights, when taken for public use, by awarding compensation, and property cannot be taken for private use without the owner's consent: Stuart v. Gimbel Bros., supra. As dominant tenant, the appellants had the right of passage over Warwick Place. They had the right to make reasonable changes in the surface of the highway which did not appreciably damage an adjoining lot owner, but they do not have the right to create conditions in the highway which damage such lot owner's property or which takes from it the right of ingress or egress.

Appellant places much reliance on Hammond v. Hammond, 258 Pa. 51, but an examination of this case will show that it does not control. The servient owner there not only approved the change in the way but assisted in making it. He could not thereafter be heard to complain that it was not within the original right. Moreover, it plainly appears that no substantial change was made to the detriment of the servient tenant; the same may be said of the other cases relied on by appellant.

Exception is taken to the finding that the condition of Warwick Place was not caused by appellee. We are satisfied the court below was correct in its finding, and, if we felt otherwise, as there is evidence to support the finding, the determination of the court below must be given the same weight as the verdict of a jury: Miller v. Central Trust Co., 285 Pa. 472.

The assignments of error are overruled and the decree of the court below is affirmed at the cost of appellants.