King et al. *v.* Philadelphia Suburban Transportation Company, Appellant, et al.

Argued November 19, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*D. Malcom Hodge,* with him *Hodge, Hodge & Balderston,* for appellant.

*Robert W. Beatty,* with him *Butler, Beatty, Greer & Johnson,* for appellee.

OPINION BY ARNOLD, J., December 11, 1946:

Frank Rhodes King, Jr., was operating his father's automobile with Audrey Hough, a minor, as gratuitous guest passenger, when a collision occurred between that vehicle and a trolley car of the Philadelphia Suburban Transportation Company. The owner of the automobile, (Frank Rhodes King, Sr.) sued the Transportation

Company to recover damages done his vehicle, and the defendant joined Frank Rhodes King, Jr. (the driver) as additional defendant. Audrey Hough, the minor, and her father sued jointly the Transportation Company and Frank Rhodes King, Jr. (her driver) to recover for personal injuries and expenses.

The cases were tried together and the negligence, joint or several, of each defendant, was involved. The court refused a point presented by the Transportation Company for a directed verdict in *its* favor. Verdicts were rendered for each of the respective plaintiffs against the Transportation Company alone; and separate verdicts in each case were rendered in favor of Frank Rhodes King, Jr., the driver. Motions of the Transportation Company for a new trial and for judgment n. o. v. were overruled and judgments were entered on the verdicts, (a) in favor of each of the respective plaintiffs against the Transportation Company, and (b) in favor of the additional or joint defendant, Frank Rhodes King, Jr., the driver. The Transportation Company then appealed, and raised the single question that it was the duty of the court below to enter judgments against Frank Rhodes King, Jr., notwithstanding the verdicts in his favor, so that the judgments for the respective plaintiffs would be against *both* the Transportation Company and Frank Rhodes King, Jr. The purpose, of course, was to enable the Transportation Company to secure contribution from Frank Rhodes King, Jr., as to the pecuniary verdicts and judgments for the plaintiffs.

The appellant does not assign as error any action or ruling of the court below, but assigns merely the judgments entered in the prothonotary's office in favor of Frank Rhodes King, Jr., the additional or the joint defendant. In this type of case such assignments are bad. The error to be assigned must be some action or ruling of the court below, and not merely the final judgment. But even if we were disposed to waive this and allow appellant to file additional assignments of error,

it is still apparent that none could be filed which would reach the question sought to be argued, for there was no power in the court below or in this court to enter a judgment in favor of the respective plaintiffs and against Frank Rhodes King, Jr. (and the Transportation Company) notwithstanding the verdict of the jury in favor of Frank Rhodes King, Jr. In the argument of this appeal the Transportation Company concedes that its liability to the respective plaintiffs was for the jury, and its sole position is that Frank Rhodes King, Jr., is also liable with it.

At common law the right to a judgment notwithstanding the verdict was very limited, and the plaintiff was the only party who could move therefor: 30 Am. Jur., Judgments, §52; *Slocum v. New York Life Insurance Company*, 228 U.S. 364, 57 L. ed. 879. The Act of 1835 (12 P.S. 671, 680) conferred upon the courts of the city of Philadelphia the right to reserve for consideration by the court en banc questions of law arising on the trial of a cause. That power was later extended to all the courts of common pleas of the commonwealth by the Act of 1863, P. L. 554, 12 P.S. 647. There was a great deal of procedural difficulty in the practice under these statutes, and they were rendered obsolete by the Act of 1905, P. L. 286, §1, as amended by the Act of 1925, P. L. 221, §1, 12 P.S. 681. See *Dalmas v. Kemble*, 215 Pa. 410, 64 A. 559. The Act of 1905 as amended is the statute now in use for judgments notwithstanding the verdict, and from the statute only is the power of the courts derived. Under its terms a motion for judgment notwithstanding the verdict may be made when "a point requesting binding instructions has been . . . declined." But the only point for binding instructions presented by this appellant was one to which it admittedly was not entitled, to wit, a verdict in its favor absolving it from *all* liability.

By the Act of 1923, P. L. 981, §2, 12 P.S. 686, the legislature attempted to provide, in cases involving

joint defendants, for the entry of judgment notwithstanding the verdict where no point for binding instructions was presented. Without discussing the efficacy of that act, it was suspended by Rule 2250 of the Pa. R. C. P. which became effective February 3, 1941. The cause of action in the present case arose January 4, 1944. In suits involving two or more defendants, §2232 (d) of Pa. R. C. P. provides for a nonsuit or a directed verdict in favor of any defendant, the action to continue to determine which of the remaining defendants are jointly or separately liable, with the same effect as though the defendants found to be liable were the only ones joined. The rule then proceeds: *"As in other cases* the court may enter judgment notwithstanding the verdict in favor of or against any of such defendants."* (Emphasis supplied.) It therefore follows that even in the case of joint defendants a judgment notwithstanding a verdict can only be entered under the provisions of the Act of 1905 as amended.

If the appellant had presented a point that the additional or joint defendant was guilty of concurring negligence as a matter of law, it might be possible (although we do not so decide) that these appeals could raise the question sought to be argued, i. e., that the final judgment must be against both the Transportation Company and Frank Rhodes King, Jr. But clearly, since the Transportation Company presented no such point, that question cannot be now raised, although as we read the testimony the appellant might have been entitled to such a charge had it been requested.

The power of the courts to enter a judgment notwithstanding the verdict being limited by the terms of the Act of 1905, as amended, to cases where a point for binding instructions was reserved or refused, and the appellant having presented only a point for binding instruction in its *own* favor,—which admittedly was properly refused,—the appeals are dismissed.