## Esgro *v.* Gibbons, Appellant.

218

Argued April 10, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert J. Cassidy,* with him *Clarence E. Davis,* for appellants.

*Edward F. Peduzzi,* with him *Smorto, Peduzzi & Taylor,* for appellees.

OPINION BY HIRT, J., July 19, 1951:

Under grant contained in a lease of a deep mine from the owner of the land, plaintiffs acquired the mining rights to the "D" seam of coal. Access to the mine and tipple was had over existing roads which had been laid out by the owner and surfaced with shale and red dog from the mine. As an incident of the grant plaintiffs acquired the right to use the roads in the mining and removal of the coal (*Greek v. Wylie;*

266 Pa. 18, 109 A. 529) and the roads were adequate for the purpose. About nine months after plaintiffs began taking out coal under their lease the owners of the land entered into a contract with the defendants for the stripping and removal of coal in pits on another portion of the land. And under their contract the defendants also had the right to use the roads above referred to.

The testimony is that until defendants went on the land the roads were in good passable condition. In moving their heavy strip mining equipment on to the tract, defendants damaged much of the hard surface of the roads and broke down drainage pipes in culverts. By use of a bulldozer they also had altered the course and grade of the roads. As a result the roads became impassable for plaintiffs' trucks and their mining operation was closed down for a period of fourteen days pending repairs which plaintiffs were obliged to make to restore the roads. Plaintiffs brought this action to recover the labor cost of repairing the roads; also for damages to a truck caused by the defective condition of the road; and the loss of profits for the period during which plaintiffs were unable to transport their coal from the mine to the market. The jury found "in favor of the plaintiffs . . in the sum of $840, which represents wages and profits lost during the 14 days idleness." The verdict does not contain an allowance for damages to plaintiffs' truck or for the cost of repairing the roads. These two elements of damage were ignored by the jury.

There is no merit in any of the questions raised by the defendants in this appeal. At the trial they did not submit a point for binding instructions; it is idle therefore for them to contend for judgment in their favor n.o.v. *King v. Phila. Sub. Trans. Co.,* 160 Pa. Superior Ct. 26, 50 A. 2d 34. However the testimony imposes liability upon them. Both the plaintiffs and the

defendants had the right to use the roads in question and plaintiffs could look to the defendants for damages under the circumstances although plaintiffs did not own the land. Both parties had easements of passage in the roads, based on their right of use acquired from the owner of the fee. Neither party therefore could make changes in the grade or otherwise create conditions which deprived the other of the use of the roads, incident to the mining of coal under lease from the owner. *Cain v. Aspinwall-Delafield Co.*, 289 Pa. 535, 137 A. 610. Neither could lawfully interfere with the enjoyment of the easement by the other. *Library Co. v. Fidelity Trust Co.*, 235 Pa. 5, 15, 83 A. 592. And since the defendants damaged the roads, making them impassable for plaintiffs' trucks in transporting coal from their mine, it is unimportant that the damage may not have been the result of defendants' negligence in moving the stripping machinery over the roads. Whatever damage was done to the roads was the result of defendants' wilfull and intentional acts; they therefore assumed the risks involved and became liable to the plaintiffs for resulting damage.

In considering defendants' contention that they are entitled to a new trial we need not inquire whether the court erred in submitting to the jury the question of the amount of damage to the truck, on plaintiffs' meagre testimony. If there was initial error in this respect the error was cured by the verdict, which did not include any allowance for damage to the truck; the error, if any, therefore was harmless. 3 Am. Jur., Appeal and Error, §1042; *Jaski v. W. Park Daily C. & D. Inc.*, 334 Pa. 12, 5 A. 2d 105. Cf. *Quinn v. American Range Lines*, 344 Pa. 85, 23 A. 2d 487. Moreover it is unimportant under the circumstances that plaintiffs' proof of loss of profits, stated to be at the rate of $60 per day, may not strictly conform with the rule of *Apfelbaum et ux. v. Markley*, 134 Pa. Superior Ct. 392,

3 A. 2d 975, or other applicable cases. No objection was made to any of plaintiffs' testimony on the subject at the trial of the case. The adequacy of the proof of loss of profits is not raised in any of the questions to be argued, filed by the defendants in this appeal, and there is no reference to the subject in their brief. The defendants therefore are not entitled to a new trial on that ground. Cf. *Perry v. Ryback,* 302 Pa. 559, 153 A. 770.

Judgment affirmed.