## Frable v. Schoenberger

*John Deutsch* and *Arnold Sousa*, for plaintiff.

*Jacob Philip* and *James A. Wimmer*, for defendants.

HEIMBACH, P. J., August 4, 1966.—Plaintiff seeks an order: (1) to compel defendants to remove a fence, boulders and posts they placed along a road over their property. This road leads from a dedicated public highway to plaintiff's home; (2) to compel defendants

to repair the road and return it to its former condition; (3) to order defendants to pay their proportionate share for future repair and maintenance.

Defendants admit that the public, and particularly plaintiff, have a prescriptive easement over the road by adverse usage.

The thrust of plaintiff's complaint is that the fence boulders and posts prevent two cars from passing each other and interfere with snow removal.

Thus, we are called upon to decide: (a) whether there exists a prescriptive easement right by adverse usage to a two vehicle width passageway; (b) whether an order should be made compelling defendants to restore the road to its former condition; (c) whether an order for repair and maintenance in the future should be entered.

## FINDINGS OF FACT

(1) Plaintiff is the owner of land immediately north of defendants' land, and her home is accessible only by way of road through defendants' property.

(2) Defendant Louella Schoenberger is the record owner of the land traversed by such road, and defendant Harry Clauss is the tenant in possession.

(3) Said roadway has been in existence from a time beyond memory of man, and defendants agree that the public has a prescriptive easement by adverse usage in such road, but only to its present traversable width of approximately seven to eight feet.

(4) Defendant Clauss has erected on his property a fence along the westerly lower part of such road and has placed boulders and large posts along each side of the remaining part of the road, so that the total width of the land between such fence, boulders and posts, including the road, is approximately 10½ feet.

(5) Prior to defendant's action in erecting such fence and placing the boulders and fence posts in their

present positions, vehicles using such road on occasions passed each other by one vehicle driving into the field on one or the other side of the roadway.

(6) A right by prescription exists in removing snow from the road.

(7) The placing of such obstructions materially interferes with snow removal from the road.

(8) The traversable width of the road is as heretofore.

## DISCUSSION

Plaintiff argues that a prescriptive easement in the use of the adjoining fields, when necessary to pass another vehicle, has arisen by such practice for more than 21 years. Plaintiff unfortunately did not supply any evidence as to the point or points in such field where the vehicles passed each other, nor that such "passing" was a continuous and usual practice.

In Stevenson v. Williams, 188 Pa. Superior Ct. 49, 53 (1958), the court said:

". . . Before the title of a landowner may be encumbered by an easement, the court must have clear proof that the prescriptive rights have been established by a user with hostile intent and not through indulgence, permission or mutual accommodation".

Since we cannot guess, surmise or assume the precise location on defendants' property adjoining the road that was used by vehicles in passing each other, nor that such "passing" was of such frequency to indicate more than indulgence, it is apparent that neither the public nor plaintiff has obtained a prescriptive easement to use any particular part of defendants' property adjoining the road for passing other vehicles.

Our conclusions are not inequitable. We have viewed the involved property. The road now, for all practical purposes, is limited to the use of plaintiff and defendants and their visitors. The distance from the dedicated highway to the land of plaintiff we estimate to

be less than 1,000 feet. There now would be few occasions where the need for a two-car width road would arise. Likewise, for almost the entire distance from plaintiff's property line, vehicles using the road may be observed. A few minutes' delay, should the occasion arise, would be of no moment.

The evidence is that a snow plow with a 10-foot blade could not, without much difficulty because of the obstructions, plow the road. Absent any testimony that such a plow was used or that the snow was removed from the road for a period of 21 years and upwards would not in itself give rise to a prescriptive easement for snow removal by a plow of any blade width. Such evidence, however, in our opinion, is unnecessary. It is obvious, and we take judicial notice, that if the road is to be used in the wintertime, snow removal is necessary, and such snow must be placed on defendants' property adjoining the road.

The testimony is that a snow plow was used in removing snow from the roadway. Restatement, Property §480 states:

"Unless the burden upon the servient tenement is thereby unreasonably increased, one who has an easement created by prescription has the privilege to do such acts as are necessary to make effective the enjoyment thereof".

Under Comment (a) is the following statement:

"(a) . . . One entitled to an easement created by prescription is privileged to make the use of the servient tenement authorized by it. In addition to continuing the acts done during the prescriptive period, he is also privileged to do such acts as are necessary to render it possible to make the use authorized by the easement. These include, for example, an entry for the purpose of inspecting or guarding, or the making of repairs or improvements. Though such additional acts were not done during the prescriptive period, the

privilege to do them is a part of the easement. During the running of the prescriptive period it is commonly to be expected that, after the running of that period, improvements and repairs may eventually become necessary since the use authorized may otherwise lose all or much of its value. In so far as they may become reasonably necessary, the privilege of making improvements and repairs is implicit in the creation of the easement created by prescription and is included within its extent.

"The effective enjoyment of a prescriptive easement may involve not only repairs to preserve the servient tenement in the condition in which it was at the time the adverse use was being made but improvements of it. Thus, a prescriptive interest may be acquired by traveling dirt roads for the prescriptive period. The inconvenience thereby suffered is not one that the owner of the easement is required to endure indefinitely. Subject to the limitation that the burden on the servient tenement must not be unreasonably increased he is privileged not merely to repair the dirt road, but to cover it with gravel, or, under proper circumstances, with an even more permanent type of covering. The making of repairs and improvements necessary to the effective enjoyment of the use privileged by an easement created by prescription is incidental to the easement. Repairs and improvements, particularly the latter, will not be permitted, however, if they unreasonably increase the burden on the servient tenement (see §479, Comment c)".

We find snow removal and placing same on property adjoining the road offers no burden whatsoever to defendants, and the enjoyment of the easement necessitates the removal of the snow therefrom and the placing of such removed snow beyond the traversable part of the road.

Plaintiff's prayer for an order for repairs and main-

tenance contribution must be refused. We agree with Judge Sohn who, in Holbein v. Baker, 25 Beaver 158, 162, stated that the accurate rule to be applied is found in the statement appearing in 17A Am. Jur. 738, §129:

"As a general rule, in the absence of an agreement to the contrary, the owner of the land subject to an easement of a nature which requires the maintenance of means for its enjoyment is not bound to keep such means in repair or to sustain any expense in maintaining them in a proper condition".

We add to the above statement the statement set forth in §130:

"An easement owner has the right of access to make repairs; he may go upon the servient estate at all reasonable times to effect proper repairs and maintenance": Restatement, Property §480 supra; Cain v. Aspinwall-Delafield Co., 289 Pa. 535.

We do not, in dismissing this part of plaintiff's prayer, determine any rights in plaintiff to seek contribution from defendants for necessary repairs in an action at law upon a showing of defendants' use of the road. There is no evidence before us of the use of the road or the need therefor by defendants, or either of them.

### Conclusions of Law

(1) The public, and particularly plaintiff, has the right to use the roadway in question without interference from defendants.

(2) Plaintiffs have the right to make any necessary repairs to the road, as well as to the embankment adjoining the road.

### Decree

And now, August 4, 1966, it is ordered and decreed that the traversable width of the road shall be a minimum of seven and one-half feet; that defendants be and they are hereby enjoined to remove the obstruc-

tions placed by them alongside the road in question; and that they be and are hereby enjoined and restrained from obstructing or interfering with the use of such road in any fashion whatsoever; and, further, that nothing shall be placed or erected on either side of such road which will interfere with the reasonable use of a snow plow and the removal of snow from the traversable part of the road. In any event, no obstructions shall be placed within three feet of the extreme edge of each side of the road.

It is directed that the costs of these proceedings be paid by defendants.

The prothonotary is directed to enter the foregoing decree as a decree nisi and to give notice thereof to the parties or their counsel of record, and to enter said decree as a final decree unless exceptions are filed thereto within 20 days of the date of such notice.