WILLIAM BAYLOR v. W. S. DECKER ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY.

Argued February 24, 1890—Decided March 10, 1890.

The ownership of land along the shore of a pond, which is owned by an-
other, confers no right upon the shore owner to take fish in the pond,
much less to give to others a license therefor.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MC-
COLLUM, JJ.

No. 369 January Term 1889, Sup. Ct.; court below, No. 38
October Term 1880, C. P.

On June 14, 1880, William Baylor brought trespass vi et
armis et de bonis asportatis against W. S. Decker, William
Blume and ten others, to recover damages for taking fish in
" Baylor's Pond," formerly " Finn's Pond."    (See Reynolds v.
Commonwealth, 93 Pa. 458.)    Issue.

At the trial on January 18, 1889, facts were shown suffi-
ciently appearing in the charge to the jury, GUNSTER, P. J.:

This is an action of trespass brought by William Baylor,
the plaintiff, against the defendants, to recover damages which
he alleges the action of the defendants caused him, by reason
of their going upon his pond, and fishing there, and taking
away the fish.    He claims that he is the sole owner of the
pond, and was the sole possessor of it at the time this alleged
trespass took place.    He alleges that the defendants came
there together, acted together, were animated by one spirit,
tore down the notices which he put up, went out upon the
pond, and fished there, and took away a quantity of fish.

The defendants contend, that they were the owners of the
pond with Mr. Baylor, some of the defendants, not all, and
that they had acquired, or some of them had acquired, the
right to fish there, by reason of the repeated exercise of the
alleged right to fish.

The plaintiff in the case, gentlemen of the jury, has given

Charge of Court below.

in evidence proof of his title; evidence of his ownership of
the land on which this pond is located. . . . . There is no
evidence to contradict Mrs. Graham. She was a member of
the family, and has a right to testify as to the traditions in the
family, who were the members of it, and when they died. So
that if her testimony is to be believed, gentlemen of the jury,
the paper title to this land on which the pond was located, be-
came properly and duly vested in Wm. Baylor, the plaintiff.

[He testifies, that on the morning when this alleged tres-
pass took place, he was on the premises in person, and that he
put up his notices ; that he had the actual possession of the
pond ; and there is no evidence in the case, gentlemen of the
jury, that, on that morning, anybody else was in possession of
that pond with him. Now, the defendants contend that they
were the joint owners of this pond with him. I say to you,
gentlemen of the jury, that there is no evidence in the case
that there were joint owners with him. They allege that they
had the right to fish there, because, for a period of years ex-
ceeding twenty-one in number, they had exercised that right
continuously. Gentlemen of the jury, the same law which
guarantees to us life and liberty, guarantees to us the enjoyment
of our property; and I say to you, that the evidence of the
exercise of this right is too sporadic to warrant any jury in
taking away from Mr. Baylor his title or his possession.] [27]

Questions of law are for the court; questions of fact are
for the jury, but the court must necessarily pass upon the
sufficiency of the evidence before it can be submitted to a jury.

[We find, therefore, gentlemen of the jury, Mr. Baylor with
the actual title derived from the commonwealth, and in actual
possession of this pond. There is no denial of the testimony
that these defendants fished there. Did they go there with
a common purpose ? Did they go there together, and act
together ? If they did, then the plaintiff is entitled to re-
cover.] [28]

Now, as to the measure of damages. The ordinary rule is,
that when a plaintiff is entitled to recover in an action of this
kind, he is entitled to recover sufficient to make good to him
the injury which was done to him in so many dollars and cents,
his actual loss; that is the ordinary rule. In addition to that
rule, there is a further rule, that in actions of this kind the

Charge of Court below.

motive of the defendant becomes material. [In those trespasses that are committed through mistake, ignorance, or mere negligence, the ordinary rule is mere compensation; but in such as are committed wilfully, maliciously, or so negligently as to indicate a wanton disregard of the rights of others, the jury are not restricted to compensation merely. They may, if the evidence justifies it, give vindictive damages, or, as they are sometimes called, exemplary damages, such as will not only compensate the injured party, but at the same time tend to prevent a repetition of the wrong, either by the defendants or by others. If you find therefore, gentlemen of the jury, in the evidence, proof of malice, or proof of a reckless disregard of the plaintiff's rights upon the part of the defendants, you have a right to add to the ordinary compensation damages by way of vindication. And it is your duty, gentlemen of the jury, if you find that element in the evidence, to fix those exemplary damages to such an amount as will prevent a repetition of these trespasses. Of course you are to exercise common sense and good judgment. The parties are before you. You must judge from their conduct, as it appears from the evidence.] [29]

We are requested by the plaintiff to charge you in regard to different matters:

1. Deeds to J. W. Tiffany of lots Nos. 18 and 20 calling for the pond as a boundary, carry title only to low water mark, and as to all of said pond beyond said low water mark, the plaintiff has shown a regularly connected paper title from the commonwealth down to himself.

Answer: I affirm this proposition with the single qualification, that one of the links depends upon the testimony of Mrs. Graham, as to the Clymer and Meredith pedigree. Her testimony upon that point is uncontradicted. Her credibility is for you. If you believe her testimony, then the proposition is affirmed.[23]

2. Even if J. W. Tiffany had a right by prescription to fish in said pond, it would not justify the other defendants in fishing there, nor justify the defendant, J. W. Tiffany, in inviting them there.

Answer: I affirm this proposition.[24]

3. If the defendant, J. W. Tiffany, claims as a shore owner

Charge of Court below.

a right by prescription to fish in said pond, he would be bound to show adverse, continued, uninterrupted and open exercise of such right by himself and the parties under whom he claims, without objection or protest on the part of the plaintiff or his predecessors in the title, for a period of twenty-one years prior to 1869, when it is testified said Tiffany had notice of the plaintiff's claim. If meantime he asked plaintiff's permission, it negatives the idea of adverse use, and admits plaintiff's right.

Answer : I affirm this proposition.[25]

4. Occasional acts of trespass by the defendant would not establish a prescription in him to fish in this pond.

Answer : I affirm this proposition.

5. That there is no sufficient evidence of such adverse use as would give J. W. Tiffany a legal right to fish in said pond.

Answer : I affirm this proposition.[26]

Upon the part of the defendants I am requested to charge you :

1. That if the jury find that for twenty-one years and upwards prior to 1867 and 1869, when plaintiff obtained his quit-claim deeds, the defendant, Tiffany, and those under whom he claims, had used the pond as tenants in common with plaintiff and those under whom he claims, claiming the right so to do, the said quit-claim deeds would not oust the right thus acquired and vested in said defendant, Tiffany.

Answer : As an abstract proposition of law I affirm this point, but say to you it has no application to this case. Under the evidence in this case, you would not be warranted in finding that a tenancy in common existed between the plaintiff, and those under whom he claims.[19]

2. That if the jury find that plaintiff had not exclusive possession, but that he had simply a possession in common with others who had acquired an equal right of possession with him, then he cannot maintain trespass against them unless he shows such acts as amount to an actual ouster.

Answer : I affirm this proposition as an abstract proposition of law, but say to you that it has no application to the case, for the same reason that I have already given in my answer to the defendants' first point.[20]

3. If the jury find that the possession of the plaintiff of the

pond in question, was only a possession as tenant in common with others, then he cannot maintain the present action of trespass.

Answer : I affirm this proposition, but say it has no application to the case.[21]

4. That unless the jury find that the fish which were caught by defendants at the time complained of were fish with which the plaintiff had stocked the pond, or had in some way domesticated or reduced into his private possession, the value of such fish would furnish no measure of damage to the plaintiff.

Answer : I affirm this proposition, but I call your attention to the evidence in the case, that pickerel were put into this pond. The question whether they were sufficiently domesticated is one for you, under all the evidence in the case. If they were reduced to possession, put in the pond for the purpose of propagation and cultivating them, then, when Mr. Baylor became the owner of the pond, whether he had put these fish in himself or not, he became the owner of the fish that were in it, and if they were domesticated, they belonged to him. But whether the fish were domesticated or not, he can recover in trespass for the injury done to his close, to his premises. As to the measure of damages, that depends upon what was done there.[22]

The jury returned a verdict for the plaintiff for $49.50. Judgment having been entered, the defendants took this appeal, assigning for error, inter alia :

19–22. The answers to the defendants' points.[19 to 22]

23–26. The answers to the plaintiff's points.[23 to 26]

27–29. The parts of the charge embraced in [  ] [27 to 29]

*Mr. A. Rickets* (with him *Mr. Ackerly* and *Mr. Newcomb*), for the appellants.

Counsel cited : Reynolds v. Commonwealth, 93 Pa. 458 ; Watson v. Davidson, 87 Pa. 270 ; Lackawanna I. & C. Co. v. Fales, 55 Pa. 90 ; Alden v. Grove, 18 Pa. 377 ; Ament v. Wolf, 33 Pa. 331 ; McCombs v. Rowan, 59 Pa. 414 ; Ralston v. Groff, 55 Pa. 276 ; Carter v. Fishing Co., 77 Pa. 310.

*Mr. Alexander Farnham* (with him *Mr. C. H. Soper* and *Mr. George R. Bedford*), for the appellee.

Counsel cited: Adams v. Robinson, 6 Pa. 271; Hughes v. Stevens, 36 Pa. 320; Wright v. Guier, 9 W. 172; Wheeler v. Winn, 53 Pa. 131; Royer v. Benlow, 10 S. & R. 305.

PER CURIAM:

The thirty assignments, and the able argument in support of them, have failed to convince us that the learned judge below erred either in his rulings upon the evidence or upon the law. The plaintiff below established his right to the pond in question, and it is a mistake to suppose that the public or the defendants have the right to fish there at pleasure. The mere ownership of a strip of the shore gave no rights of ownership in the pond itself. Much less would it enable such shore owners to give others a license to fish there. The fact that a man is owner of an adjoining piece of property, be it land or water, does not confer a right to trespass on the land or water of his neighbor. It would be a vast labor, and as useless as vast, to discuss the assignments in this case in detail. We find no serious error, and

The judgment is affirmed.