## Mershon, Appellant, *v.* Walker.

*Easement—Alley—Obstruction of easement—Equity.*

Where a person's easement in a private alley or court is defined in his deed as "the common use and privilege of said twenty feet wide court with or without horses, cattle and carriages," and, "of a water course therein," such person cannot complain of any use of the space above or beneath the surface not affecting the rights defined by his deed; but doors or shutters which when open project into the court, or a fire escape used as an exit for a theater, which projects into the court, so as to interfere with the rights of the owner of the easement, will be enjoined. Schmoele v. Betz, 212 Pa. 32, followed.

Argued Jan. 18, 1906. Appeal, No. 209, Jan. T., 1905, by plaintiffs, from decree of C. P. No. 4, Phila. Co., Sept. T., 1901, No. 726, dismissing bill in equity in case of Kate M. Mershon and Albert H. Mershon, Trustee, v. Annie M. Walker, Executrix and Sole Devisee under the last will and testament of William Weightman, deceased. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction.

The facts appear by the opinion of the Supreme Court.

*Error assigned* among others was decree dismissing the bill.

*Alex. Simpson, Jr.*, with him *John W. Graham, Jr.*, for appellants.—The defendant cannot maintain the fire escape which is also at all times used by its patrons as a means of exit from her theater: Benner v. Junker, 190 Pa. 423; Patterson v. R. R. Co., 26 W. N. C. 327; Stevenson v. Stewart, 7 Phila. 293; Ellis

v. Academy of Music, 120 Pa. 608; Schmoele v. Betz, 212 Pa. 32; Muzzarelli v. Hulshizer, 163 Pa. 643; Clark v. Martin, 49 Pa. 289; Meigs v. Milligan, 177 Pa. 66; Reimer's Appeal, 100 Pa. 182.

The defendant has no right to excavate into the soil of the court and use it as an adjunct to the cellar of her building: Ellis v. Academy of Music, 120 Pa. 608.

The defendant should be enjoined so far as the doors and windows when opened project into the court.

The defendant cannot use the court as an appurtenance to premises 1334 and 1336 Chestnut street except in the way and to the extent it has been used for at least twenty-one years: Irving v. Media Borough, 10 Pa. Superior Ct. 132.

*John G. Johnson,* with him *Hampton L. Carson,* for appellee.—The defendant had the right to excavate into the soil of the court if she covered such excavation with a solid pavement.

The appellee ought not to be enjoined from swinging doors and windows outward into the court.

The appellee has a right to use the court without any restriction.

The continuance of the fire escape ought not to be enjoined because it does not interfere appreciably with the appellants' right in the court: Hacke's App., 101 Pa. 245; Bigler v. Penna. Canal Co., 177 Pa. 28; Walters v. McElroy, 151 Pa. 549; Sullivan v. Steel Co., 208 Pa. 540.

OPINION BY MR. JUSTICE STEWART, April 30, 1906:

Appellants' rights in the private alley or court in question, as owners of the adjoining property, are defined in the title under which they hold, as follows: "the common use and privilege of said twenty feet wide court, with or without horses, cattle and carriages," and, "of a water course therein." They have no title and make no claim to the soil. Therefore, while they have standing to complain of any obstruction to or interference with the free and full exercise of the privileges they have in the surface of the court, they cannot have any with respect to any invasion by others above or beneath the surface not affecting them. The appellee holds by distinct title in fee a narrow strip of land one foot in width along the opposite or

eastern side of the court, and a lot adjoining it on the east, on which is erected the Garrick theater.  For the purpose of supplying the cellar of the theater building with light and air, she has constructed two areas or light wells beneath the surface of her own property and extending outward beneath the surface of the court for a distance of three and one-half feet.  The surface above so much of the excavation as extends within the line of the court, has been covered over with solid concrete work and heavy flagstones ; so that, as found by the court, the excavation does not in any way interfere with such use of the said court as the plaintiffs are entitled to.  While there are exceptions to findings and conclusions touching the right to be heard with respect to any invasion of the subsurface, there are none to this particular finding which was in answer to defendant's thirteenth request.  Indeed, it was not complained in the bill that the excavation was a disturbance of plaintiffs' easement; but simply that it was an unlawful invasion of the premises.  This finding of the court, that it is not a disturbance of the easement, is conclusive of the fact ; and, from all that appears in the case, rightly so ; since it is a matter of common knowledge that no more substantial, permanent and generally satisfactory street surface can be obtained than from the proper use of these materials.  There is no suggestion that the work in connection therewith was not adequately done.  Plaintiffs having no right in the soil invaded, and no privilege in the court that was disturbed by the defendant, the court was clearly right in refusing the injunction asked for with respect to the excavation.  Mershon v. Fidelity Ins., etc., Company, 208 Pa. 292 is not an authority to the contrary.  In that case the court refused to do the very thing that is asked for here—require the area-way be solidly filled up with earth.  It decided that the permanent closing of the excavation by an iron grating, was a substantial change from the condition in which the surface had been theretofore used, and was a substantial interference with the right of passage ; but the decision left the case open for the defendants to show, if they could, that the filling up of the excavation could be avoided by the substitution of something in place of the iron grating, that would not interfere with the easement.  In the present case the construction leaves the surface as unbroken, even, and substantial as it ever was; and

it cannot, so far as we can see, change conditions to the prejudice of the plaintiff. All the assignments of error that relate to the rulings of the court with respect to this branch of the case are overruled.

It was further complained that defendant had constructed certain doors and shutters in the west wall of the building known as the Garrick theater, occupying the lot to the east of the one-foot strip of ground adjoining the court, which when opened out project beyond the property line of the defendants and into the court. The finding of the court with respect to this is as follows: "The west wall of this building (the Garrick theater) stands one foot east of the east line of the court above mentioned. In this wall are several doorways and window openings. One doorway is located near the head of the court on the first floor of the building. It has a double door whose parts when opened project three feet four inches into the court, opening outward. The other door on the first floor is located near the Sansom street end of the court. It is used constantly as a means of entrance to and exit from the theater by its patrons. When opened, its door projects about five and one-half inches into the court. When the shutters attached to the windows in this wall are being opened, they swing over the court. When pushed back against the wall, they are entirely within the defendant's property line. Some, however, cannot be thus pushed back." Notwithstanding this clear finding that the doors are so constructed that when opening they must necessarily project into the court, and so remain so long as open, and that some of the shutters cannot close back against defendant's property but remain within the line of the court, yet in answer to defendant's sixth request, the learned judge held: "That the swinging of the doors and windows from the theater by the defendant over the footway of the said court in opening and shutting the same, occupies the street or court for so small a space of time as not to be appreciable, and the plaintiffs did not suffer substantial injury to be measurable, and are therefore not entitled to relief therefrom." The inconsistency that is so apparent here, can only be accounted for on the supposition that the learned judge overlooked the effect of his finding with respect to the nature of the encroachment complained of. He disposes of the matter as though the com-

plaint was in regard to the swinging of the doors and shutters over the area of the court whilst being opened and closed. Against the exercise of such right by defendant, if it be a right, no complaint was made. What plaintiffs complained of was, that when the doors and shutters were opened, they remained within the line of the court; that they are so constructed that it is impossible to fold them back against defendant's building and that when opened they constantly occupy the space of the court, in the case of one of the doors, the projection being as much as three feet four inches. And the court found the facts to be just as complained of. Other facts distinctly found were, that defendant's theater was erected in 1901; that while the owners of the building that had previously occupied this particular lot had maintained doors and windows in the west walls, and had continuously, for many years, in opening some of them, been accustomed to swing them across the line of the court, the doors and shutters that opened outward were so constructed, that when open and in place, they stood entirely clear of the court. With such facts established, and they are clear beyond dispute, whatever may be said about the prescriptive right to swing the doors and shutters over the area of the court in opening and closing them, it cannot be pretended that such right extends to the matter here complained of. It is evident that nothing more serious was in the mind of the court, when in answer to defendant's sixth request, it was held that the swinging of the doors and windows in opening and shutting the same, occupied so small a space of time as not to be appreciable, and that the injury to plaintiffs resulting therefrom was not sufficient to be measurable. Manifestly the earlier finding, as to the extent and character of the encroachment, was overlooked. The legal conclusions expressed are not applicable to such a state of facts as we have here presented; the encroachment is without prescriptive right; it is not a momentary but continued use of the court, and to that extent is an abridgment of plaintiffs' easement therein, and hence a substantial interference. Plaintiffs have as much right to the unobstructed use of the space in the court now occupied by defendant's doors and shutters, as to any other part of it, and defendant is without semblance of right in appropriating it.

Another subject of complaint was the maintenance of an iron

balcony or fire escape that defendant has erected against the west wall of the theater, and which projects six feet eight inches over the court, the lower part being ten feet six inches above the surface. There are two upper doors leading from this balcony, which project eighteen inches into the court and which cannot be closed back against the wall. An iron stairway projecting over the court connects the several stories of the theater, and at the second story connects with a corresponding stairway leading along the Sansom street front to the street. This latter is wholly within the lines of the court. The balcony was intended primarily for a fire escape, and was erected with the approval of the city authorities. Its purpose in this regard could have been accomplished by a balcony overhanging defendant's interior court. It is now used by the patrons of the theater as a means of exit therefrom. The height of the balcony from the surface is sufficient to enable most wagons to pass under it, but not all. These are the facts found by the court with respect to this particular subject of complaint. Very recently, in the case of Schmoele v. Betz, 212 Pa. 32, not reported when this case was before the court below, this court found occasion to discuss somewhat at length the law applicable to such a state of facts as we have here. The cases are so alike in every essential feature, that what was said there applies with equal force here. In that case the lower balcony was about sixteen feet above the surface. The court below denied the relief asked for, because it had not been made to appear that the balcony materially impaired the use of the easement. In the present case relief was denied on the ground, that equity would interfere only after the interference with plaintiffs' easement had been determined at law. In neither case was there dispute as to the actual facts ; whatever difference of view there was, related to the natural and probable consequences to the complaining party from the alleged interference. The facts as found by the court in this case, without more, established an inference quite sufficient in itself, in the light of the case cited, to call into exercise the equity power of the court. " The erection of the fire escape by the defendants," says MESTREZAT, J., in the case referred to, " was a trespass and an infringement of the rights of the plaintiffs in the alley, and the right of the latter to the easement being conceded, equity will direct a re-

moval of the obstruction and enjoin a continuance of the trespass without proof of actual damages." In that case the balcony was at a much greater elevation from the surface than in this, but used in the same way, for the same purposes, and yet the court declared it to be a material impairment of the plaintiffs' right in the court, expressly dissenting from a contrary finding by the lower court, and giving as justification therefor the very exact conditions which exist here. It is impossible to distinguish the two cases in their essential facts, and that case must govern this. It follows that the assigments of error which relate to this particular infringement must be sustained. It is unnecessary to refer to the other questions raised by the assignments, and which were discussed upon the argument of the case. What we have said sufficiently disposes of the appeal.

The decree is reversed at the costs of the appellee ; and it is now ordered, adjudged and decreed that the bill be reinstated ; that defendant be required to remove so much of the iron balcony and fire escape as overhangs the court, and that an injunction issue restraining defendant perpetually from maintaining a fire escape or balcony overhanging said court, and obstructing said court by allowing the doors and windows in the western wall of her building to occupy any part of the said court, except while in the act of opening and closing the same ; a reasonable time to be allowed for making the changes required by this decree.