## Stuart, Appellant, v. Gimbel Bros., Inc.

*Easement—Right of way—Alley—Balcony.*

One who has only the easement of a right of way over the soil of an alley, cannot enjoin the owner of the soil from constructing a balcony above the level of the alley, if it in no way interferes with the enjoyment of the easement of the right of way.

Argued April 18, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 230, Jan. T., 1927, by plaintiff, from decree of C. P. No. 1, Phila. Co., June T., 1925, No. 19410, dismissing bill in equity, in case of Edwin S. Stuart v. Gimbel Brothers, Inc., of New York, and the Ninth Ward Realty Co., Inc. Affirmed.

Bill for injunction. Case heard on bill and answer under Rule 48.

The opinion of the Supreme Court states the facts.

Bill dismissed in per curiam opinion. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting record.

*M. Hampton Todd,* for appellant.

*Ralph B. Evans,* with him *Morris Wolf,* for appellees.

PER CURIAM, June 25, 1927:

Plaintiff by his bill sought to enjoin the maintaining of a balcony extending 6 feet and 10 inches in width from the seventh floor of defendant's building, 88 feet above and over the surface of a portion of Ludlow Street in the City of Philadelphia. The court below dismissed the bill. Plaintiff appealed.

In 1806, Thomas Goodwin, the owner of a large piece of ground in the City of Philadelphia, subdivided the property into lots, several of which fronted on Market Street, others on Ninth Street. Those on Market Street extended in depth to Goodwin's Alley, now Ludlow Street, 16 feet in width. Those on Ninth Street, extended back 116 feet to an alley. The lots concerned in this controversy were bounded by the alleys mentioned, and the purchasers given "free ingress, egress and regress, into, out of and along the same forever, with or without horses, cattle, carts and carriages, with the owners, tenants and occupiers of the lots of ground bounded thereon." Subsequent deeds preserved to purchasers of lots the easement just referred to. Plaintiff is now the owner of the premises at the southeast corner

of Ninth and Ludlow Streets, abutting on the latter street 91 feet, and defendant, the owner of the property at the southeast corner of Market and Ninth Streets, extending back to Ludlow Street. Recently, plaintiff conveyed to defendant all his right, title and interest in Ludlow Street, beginning 91 feet east of Ninth Street and extending easterly to an alley paralleling Ninth Street. Accordingly, it appears that plaintiff and defendant are now vested with the right in common to use Ludlow Street as a passageway, under the terms of the original grant by Thomas Goodwin, to the extent of 91 feet easterly from Ninth Street.

The questions involved in this case are practically on all fours with National Accident Health Insurance Co. v. Workmen's Circle Lyceum Federation, Inc., 289 Pa. 164, where it is said, "No one can be heard to complain in judicial proceedings unless he himself has been injured, and the owner of the fee in land, subject to an easement, has the right to build under or over the land so long as he avoids interfering with the right of enjoyment of other abutting owners." Here no interference with plaintiff's rights appears. The balcony 88 feet above the surface of the street does not extend beyond the center line or interfere in the slightest degree with plaintiff's right of "ingress, egress and regress" in the use of the street, consequently he sustains no injury to his easement. In Mershon v. Walker, 215 Pa. 41, 42, a contest over rights in a private alley or court, we said, "While they [appellants] have standing to complain of an obstruction to or interference with the full and free exercise of the privilege they have on the surface of the court, they cannot have any with respect to any invasion by others above or beneath the surface, not affecting them." As defendant's balcony is in no manner an invasion of plaintiff's easement, he is without standing to complain.

The decree of the court below is affirmed at plaintiff's cost.