## Weiss et al. v. Greenberg.

*C. A. Sowers* and *S. Goodis*, for plaintiffs.

*O. J. Roberts* and *Robert Levin*, for defendant.

ALESSANDRONI, J., July 15, 1929.—The plaintiffs brought a bill in equity, praying for an injunction restraining the erection of garages by the defendant upon a driveway and for an order for the removal of the part constructed so as to restore the plaintiffs' easement. The defendant filed an answer, denying that the plaintiffs had any easement in the driveway upon which the garages were being erected or that the garages would interfere with the plaintiffs' use of the driveway. The cause proceeded to trial and the chancellor found that the plaintiffs had an easement in the driveway which the erection of the defendant's garages violated, and ordered the removal of the garages and the restoration of the driveway. To this adjudication the defendant has filed forty-six exceptions, which, in substance, aver that the chancellor erred in finding as a fact that the plaintiffs had an easement in the driveway upon which the garages were erected, and in his conclusion of law and decree *nisi* that the plaintiffs' easement had been violated and that the easement should be restored.

It appears from the facts that a tract of land consisting of five contiguous lots on the northwestern corner of 49th Street and Osage Avenue, Philadelphia, was conveyed by Maurice Rose to Charles E. Evans. The deed provided that the land was conveyed "together with the free and common use, right, liberty or privilege of all of the above-mentioned driveway at all times hereafter, forever, and together with all and singular the buildings, improvements, ways, streets, alleys, passages, watercourses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in anywise appertaining. . . ."

The driveway referred to in this plot was a ten-foot driveway occupying the rear strip of the lots conveyed. Upon this tract Evans erected five dwellings with garages, which were numbered 414, 416, 418, 420 and 422 South 49th Street. He improved the ten-foot driveway in the rear of the buildings. He then sold the northernmost property, No. 414 South 49th Street, to the defendant, the deed stating that it included "in the rear thereof a certain ten-foot wide driveway which runs southwardly leading into Osage Avenue, together with the free and common use, right, liberty and privilege of the said ten-foot driveway as and for a passageway and watercourse at all times hereafter, forever." Evans then disposed of the remaining four properties, all of which were conveyed "together with the free and common use, right, liberty and privilege of the said ten-foot driveway as and for a passageway and watercourse at all times hereafter, forever, and together with all and singular, the buildings, improvements, ways, streets, alleys, passageways, watercourses,

rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in anywise appertaining. . . ." In fact, the deed to Sara Maen granted the right to use the driveway as a passageway and watercourse "at all times hereafter, forever, in common with the owners, tenants and occupiers of the other lots of ground bounded thereon and entitled to the use thereof." The driveway in the rear of these homes is cemented and is "blind," that is, it extends from Osage Avenue to the northern end of the defendant's lot, there being at the said northern end a cement barrier and iron fence. The defendant occupies the last or inside house on this driveway. There is also a seventeen-foot yard space between the driveway and the houses.

The defendant erected three garages on the space which was laid out as a driveway and yard in the rear of her house.

When the construction was begun, a protest was made by the plaintiffs and other neighbors claiming right to the use of the driveway, and a formal notice of the objection served upon the defendant. Notwithstanding this, the defendant completed the garages.

The sole question raised by the defendant's exceptions is, in substance, did the plaintiffs have an easement to the use of the driveway as a passageway for its entire length or only such use as was necessary for purposes of ingress and egress?

The deeds conveyed the free and common use, right, liberty and privilege of the driveway as a passageway to all of the owners of the five properties.

A passageway is defined as being "a way or highway:" 30 Cyc., 800. Free means "unconstrained:" Black's Law Dictionary. Common is defined in 8 Cyc., 339, as "usual, ordinary, accustomed, shared among several; owned by several jointly, belonging equally to more than one or to many indefinitely."

Under these definitions, it would seem that the grant intended in this case was to the use of this way with an equal right in each of the owners to use it jointly. To decide otherwise and sustain the defendant's contention that the other four owners had no right to an easement of passage over that part of the driveway located on his plot would be to say that the other four owners were granted no right to use the part of the driveway owned by him in fee, although he was granted the free right to use the parts of the driveway owned by them in fee.

It is also obvious that the defendant's contention, if carried to its logical conclusion, would mean that the owner of No. 422 South 49th Street, the corner property, would have no right to use the portion of the driveway located on the premises Nos. 414, 416, 418 and 420, and that any user of the driveway as a passageway, except on his own premises, would be a trespass. The same reasoning would apply to the owner of Nos. 416, 418 or 420. This is so obviously an incongruous interpretation of intention and so violative of the reasonable intent and understanding of the grantor and the interested grantees as to require no comment. Moreover, one's right of easement does not depend upon the absolute necessity of the right of user, but upon the expressed intention and understanding of the interested parties in creating or granting the user.

It might also be asked why the language granting a right to use the entire driveway as a passageway to the defendant did not grant the same right to the plaintiffs.

The authorities are in support of the conclusions of the chancellor. In Ellis v. The Academy of Music, 120 Pa. 608, it was decided that "the right, whether in the fee or only in the way, was common to both parties, so that

neither, without the assent of the other, had the right to alter the character of the alley in any particular. Nor did the court err in charging that parties who are entitled to a free use of an alley have the same right in it that the public has in its highways. . . ." Under this rule the plaintiffs would have the same right in this passageway that the public has in its highway, and clearly if this passageway was a street, the contention of the defendant would be ludicrous. Moreover, the facts indicate that the defendant has violated the easement by changing the character of the passageway. We have found no cases drawing a distinction between "blind" passageways and those which are open.

In the recent case of Stuart v. Gimbel Bros., 290 Pa. 210, it was said: "No one can be heard to complain in judicial proceedings unless he himself has been injured, and the owner of the fee in land, subject to an easement, has the right to build under or over the land so long as he avoids interfering with the right of enjoyment of other abutting owners."

This case also established the proposition that a decree in equity should follow the law and repudiates the doctrine that a decree is of grace. Clearly the defendant has interfered with the right of enjoyment of the passageway to which the plaintiffs are entitled.

It is also contended by the defendant that no easement existed before Evans granted any of the lots, inasmuch as any easement would be united with the estate of the dominant tenement by the mere ownership of the five lots in one party. However, the case of Kieffer v. Imhoff, 26 Pa. 438, clearly indicates that this doctrine is not enforced when permanent improvements are made which are obvious and manifest. As stated by Mr. Justice Mitchell in Grace Church v. Dobbins, 153 Pa. 294: "The law on this subject is settled beyond question. When an owner of land subjects part of it to an open, visible, permanent and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit, as the case may be. This is the general rule founded on the principle that a man shall not derogate from his own grant."

The court, in Phillips v. Phillips, 48 Pa. 178, discussed the principle of Kieffer v. Imhoff, supra, saying: "It is not to be understood by this doctrine that any temporary convenience adopted by the owner of property is within it. By all the authorities, it is confined to cases of servitudes of a permanent nature, notorious or plainly visible, and from the character of which it may be presumed that the owner was desirous of their preservation as servitudes, evidently necessary to the convenient enjoyment of the property to which they belong and not for the purpose of mere pleasure."

It, therefore, can be said that the common right of easement granted to Evans has not disappeared. In fact, the deeds from Evans to his grantees expressed his intention to continue such an easement by giving the right of passage "in common" to all his grantees. It is only reasonable to assume that it was intended to give the common and free right of passage as to the entire driveway, and not only for the purposes of ingress and egress, which contention, if adopted, would lead to the ridiculous conclusion referred to above.

The owner of a servient soil has the right to make use of his property as he chooses, if by so doing he does not substantially interfere with the easement: Library Co. v. Fidelity Trust Co., 235 Pa. 5.

Defendant suggests that the conclusions of law and decree of the chancellor require the removal of the entire erection made by the defendant. It is clear that the plaintiffs' easement only extends to the driveway and that the

defendant should be ordered to remove the structures erected in the bed of the driveway. Upon examining the conclusions of law and decree, we do not feel that the chancellor ordered the entire structure removed, but for the purposes of clarity it is hereby restated and ordered that only the buildings erected in the bed of the ten-foot driveway in the rear of the premises situated at No. 414 South 49th Street shall be removed.

All of the exceptions are overruled and dismissed, and counsel is directed to prepare and submit a form of final decree.