728 A.2d 345

Dr. Chi–Chien KAO, Dr. Te Hua Liu, Carol C.
Snyder, and Terry Hummel, Appellants,

v.

Scott HALDEMAN, Judith Haldeman,
and Blaze Enterprises, Inc.

v.

**Borough of Langhorne.**

Supreme Court of Pennsylvania.

Argued Feb. 2, 1999.

Decided April 20, 1999.

David A. Jaskowiak, Glenside, for Dr. Chi-Chein, et al.

David H. Mosowitz, Malvern, for Scott & Judith Haldeman.

Alfred Francis Shea, Catherine Anne Porter, for Borough of Langhorne.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal by allowance from an order of Superior Court which affirmed an order of the Court of Common Pleas

of Bucks County denying, in part, injunctive relief sought by the appellants, Dr. Chi–Chien Kao and his wife Dr. Te Hua Liu, Carol C. Snyder, and Terry Hummel. Appellants own an easement for a private road that serves their properties, and they seek to prevent a nearby property owner from trespassing thereon.

The easement, which is located in the Borough of Langhorne, is known as West Watson Avenue. See map, infra. The width of the easement is forty feet, but the portion that has been paved with gravel or blacktop for use as a road is much more narrow, ranging from eleven to slightly more than sixteen feet. There are points where the road is barely wide enough for two cars to pass; hence, drivers must proceed very carefully, and, at certain points, a driver might need to pull to the side and stop to let another pass. The road incorporates a small bridge over a creek at the border of the Snyder and Kao/Liu properties. Appellants own residential properties along the northern edge of the easement. Blaze Enterprises, Inc. (Blaze) shares ownership of the easement and owns undeveloped land that borders its southern edge. The owners of property at the eastern end of the easement, Scott and Judith Haldeman, have been using the easement for access to their residence.

Haldemans' use of the easement is one of preference, not necessity, inasmuch as they have access to their property from a public street, Maple Avenue. They have no ownership interest in West Watson Avenue and have not been granted a license for its use. Appellants initiated this action to enjoin that use, and to recover damages for deterioration caused to the easement. Blaze has remained neutral in this matter, neither objecting to Haldemans' use nor granting permission therefor.

Because the paved portion of the easement extends past the Hummel and Snyder properties and terminates midway in front of the Kao/Liu property, the remaining length of the easement from that point to the Haldeman border has been maintained in grass and shrubbery. Appellants claim that Haldemans have driven over the grass and shrubbery, de-

stroying it, and that through ongoing use have caused the unpaved portion of the easement to deteriorate into muddy ruts. They also claim that Haldemans drive at excessive speeds, which, in addition to posing a safety hazard, causes gravel to be thrown from the road surface onto adjacent grounds. Further, appellants object that they bear the costs of maintaining their private road, thus incurring the expenses of paving, plowing, and bridge maintenance, while Haldemans make use of it free of charge.

■ The properties owned by appellants and Blaze were part of a common subdivision plan, created in 1919, that encompassed West Watson Avenue. Haldemans' property was not a part of that subdivision. It was, in fact, acquired from a different grantor. Haldemans did not, therefore, acquire an easement by implication. See *Sentz v. Crabbs,* 428 Pa.Super. 205, 208, 630 A.2d 894, 895 (1993) ("An easement by implication arises after it is clear that a particular division of property was created by a common grantor and, without specifying that an easement over one of the estates was granted, by implication the use of the parcel would not be possible without the existence of the easement."). Appellants' grantor retained no interest in the land constituting West Watson Avenue. The land was offered for dedication to public use, but the Borough of Langhorne did not accept it. The statutory period for acceptance later expired, and West Watson Avenue forever lost its potential as a public street. Prior to the present litigation, it was determined on appeal to Superior Court that appellants and Blaze own title in fee extending from their respective lots to the center line of West Watson Avenue, subject to the rights of passage of any who share in the easement. *Kao v. Haldeman,* 442 Pa.Super. 648, 659 A.2d 9 (1995) (memorandum opinion). See generally *Rahn v. Hess,* 378 Pa. 264, 106 A.2d 461 (1954) (ownership of lots abutting streets).

In the present case, the trial court denied appellants' request for a permanent injunction to prevent Haldemans from using West Watson Avenue, and, likewise, denied their claim for damages. The court did, however, enjoin Haldemans from

using the northern half of the road, i.e., the side in which appellants have fee ownership to the center line, thus leaving Haldemans free to drive on the southern half. An appeal was taken, and Superior Court affirmed.

We granted allowance of appeal as to the limited issue of whether an easement holder has a right to enjoin a trespasser from using the easement. On the basis that the courts below too narrowly construed appellants' right to exclude trespassers from their easement, we reverse.

It has long been recognized that intrusions upon private easements may be enjoined. *Mershon v. Walker*, 215 Pa. 41, 64 A. 403 (1906) (injunctive relief granted against the owner of a building that adjoined a private alley, requiring removal of structural features that encroached over the easement for the alley). See also *Schmoele v. Betz*, 212 Pa. 32, 35, 61 A. 525, 526 (1905) ("[D]efendants [as owners of adjoining property] ... have neither ownership nor easement in the soil of the alley and, therefore, have no right to utilize or obstruct the alley for any purpose."). See also *Baylor v. Decker*, 133 Pa. 168, 173, 19 A. 351, 351 (1890) ("The fact that a man is owner of an adjoining piece of property, be it land or water, does not confer a right to trespass on the land or water of his neighbor.")

An easement for a private road is private property that can be protected through appropriate legal process. *Chambersburg Shoe Mfg. Co. v. Cumberland Valley R.R. Co.*, 240 Pa. 519, 524, 87 A. 968, 970 (1913). When, as occurred here, lots are sold according to a subdivision plan on which a street has been plotted by the grantor, the purchasers acquire property rights in the use of the street. "Such a right is sometimes called an 'easement of access' which means the right of ingress and egress to and from the premises of the lot owners. It is a property right appurtenant to the land which cannot be impaired or taken away without compensation...." *Id.* at 524–25, 87 A. at 970. "But that this is a *private right* of property in the lot owner and *not a public right of passage* existing independently of the grant, must be considered as

settled law in our State." *Id.* at 525, 87 A. at 970 (emphasis added).

Appellants and Blaze are the only owners of property to which the easement for West Watson Road is appurtenant.[1] Haldemans, having no ownership in the easement, are treating it as though it were a public street. The street forever lost its character as a public way, however, when the Borough of Langhorne failed to accept its dedication to public use. As we explained in *Rahn v. Hess,*

> We have uniformly held that where an owner of land subdivides it into lots and streets on a plan and sells his lots accordingly, there is an implied grant or covenant to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of them to public use.... Prior to the Act of 1889 no limitation of time was imposed on the public for perfecting the dedication by their acceptance; *[In re Widening of] State Road,* 236 Pa. 141, 144, 84 A. 686. The Act fixed a time limit within which an acceptance by the public must take place....
>
> ... The enactment is actually a statute of limitation applicable to any and all seeking to assert the public character of a street, be they municipal authorities or the individual lot owners. In *Scott v. Donora Southern Railroad Company,* 222 Pa. 634, 642, 72 A. 282, this Court said in discussing the Act: "... After the statutory period, therefore, if no action has been taken to subject the street to *public* use, *the servitude imposed by the owner upon his land for such use is removed, and the street is of no force or effect as a public highway. The land is discharged from such servitude and the dedicated portion of it has entirely lost its character as a public street.*" (Emphasis supplied).

378 Pa. at 268–69, 106 A.2d at 463–64. It is undisputed in this case that the applicable statutory period for acceptance of the

---

1. It is noted that Haldemans claim a property interest in West Watson Avenue derived from, inter alia, the recorded subdivision plan, even though their property was not part of the subdivision. This argument was rejected by the trial court and is not within the bounds of the limited issue on which allocatur was granted, namely, whether easement holders can obtain injunctive relief to exclude trespassers.

public dedication of West Watson Avenue expired without there having been any acceptance by the Borough of Langhorne. Hence, West Watson Avenue is a private road that exists only for the benefit and use of those who own its easement. It merely permits ingress and egress to and from the premises of the lot owners: it is not a public street to be used for access to other destinations. See *Chambersburg Shoe Mfg. Co., supra*; *Kanefsky v. Dratch Construction Co.*, 376 Pa. 188, 195, 101 A.2d 923, 926 (1954) (easements cannot be used for access to lands to which they are not appurtenant).

Haldemans contend, however, that trespassers cannot be excluded unless they have interfered with the rights of passage of the easement holders. We do not agree. Haldemans' view essentially deems private roads to be public roads, subject only to the requirement that the public not interfere with use by the private owners. This largely negates the failure of public bodies to have accepted dedications to public use, and runs contrary to the dictates of *Rahn v. Hess, supra.* Private roads, quite simply, are not dedicated to public use; hence, they are not to be burdened with such use, and inquiry into whether there has been an actual interference with the owners' rights of passage is not required.[2]

Cases relied upon by the court below for the proposition that there must have been an actual interference with the private owners' use of the road are not on point. Such cases dealt with disputes between *owners* of dominant (easement)

---

**2.** Haldemans state in their brief that they contemplate subdividing their property in a manner that will use West Watson Avenue as a route of access. This, quite obviously, would exacerbate the public intrusion on appellants' private roadway. Even without the added traffic that such a subdivision might bring, Haldemans' use of the road appears an inherent impediment to appellants' use. Haldemans must, under the decisions of the courts below, use only the southern side of the road. This places them on the wrong side of the road when exiting from their property, so that they will meet oncoming traffic head on. Further, the record shows that the road is a narrow one, wide enough at certain points to permit cars to pass only if one stops or pulls off the roadway or slows to proceed with great care. The presence of such traffic on the easement is inherently detrimental to appellants' use. Our decision, however, is based not on the existence of these impediments but rather on Haldemans' complete lack of property rights in the easement.

estates and servient (fee) estates, and established that relief may be obtained when there has been an interference with use of an easement. *National Accident & Health Insurance Co. v. Workmen's Circle Lyceum,* 289 Pa. 164, 168, 137 A. 184, 185 (1927); *Associates of Philipsburg v. Hurwitz,* 292 Pa.Super. 406, 413, 437 A.2d 447, 451 (1981); *Edwards v. Julian,* 192 Pa.Super. 121, 125–26, 159 A.2d 547, 549 (1960). Similarly, where there were several owners of an easement, relief was available to prevent interference by one of the co-owners. *Cain v. Aspinwall–Delafield Co.,* 289 Pa. 535, 540, 137 A. 610, 611 (1927).

■ Where an easement is concerned, therefore, the owners of the dominant and servient estates must not unreasonably interfere with each other's uses. *Taylor v. Heffner,* 359 Pa. 157, 163–64, 58 A.2d 450, 453–54 (1948). The present case does not, however, involve a dispute between owners of dominant and servient estates. Haldemans have no ownership in the easement or the underlying fee of West Watson Avenue. They are mere trespassers. As such, they do not benefit from case law establishing that, in disputes between *owners* of dominant and servient estates, relief can be obtained when there has been an actual interference with an owner's use.

■ Haldemans also assert that the only party with standing to object to a trespasser's use of the easement is the owner of the fee that underlies the easement; hence, that only Blaze can challenge the use of the southern half of West Watson Avenue. We do not agree. The courts below erred in treating appellants' property interests as though they were confined to the northern side of the easement. Appellants share in the entire width of the easement, not merely the portion between the center line of the road and their individual lots. Their full interests in the easement can be protected against unauthorized intrusions. As owners of the easement for West Watson Avenue, appellants are entitled to obtain injunctive relief to prevent trespasses thereon. We reverse,

therefore, and remand to the court of common pleas for entry of appropriate injunctive relief.

Order reversed, and case remanded.

Justice ZAPPALA concurs in the result.

Justice NEWMAN notes her dissent.

WELLS AVE.

Hummel

Snyder

Kao/Liu

WEST — WATSON — AVE.

bridge —| creek | shrubbery, grass, dirt | Haldeman

Blaze Enterprises

N
W — E
S

MAPLE AVE.