## Ruckert v. Ottaviani

C.P. of Lawrence County, no. 10692 of 2006, C.A.

*Gregory S. Fox,* for plaintiffs.
*Gene G. Dimeo,* for defendants.

MOTTO, *P.J.*, February 26, 2007—Before the court for disposition are defendants' preliminary objections to plaintiffs' amended complaint seeking to enjoin defendants from utilizing an unopened portion of a roadway located within the subdivision plan in which plaintiffs are lot owners to access defendants' land that abuts the subdivision plan.

The defendants' preliminary objections contend that plaintiffs' amended complaint must be dismissed because:

(1) The amended complaint fails to allege any legal title of plaintiffs in the unopened roadway; therefore, a demurrer must be granted because plaintiffs have not stated a cause of action.

(2) There exists a lack of capacity to sue in that plaintiffs have no standing because of their lack of title to the disputed area.

(3) The plaintiffs have failed to join Wayne Township as a necessary party where the roadway is located within the township, and it is alleged that Wayne Township has lost any right it had to dedicate the roadway to public use.

(4) Plaintiffs have failed to exhaust a statutory remedy because they have not petitioned the Board of Supervisors of Wayne Township to vacate the roadway in question.

Plaintiffs, Jay D. Ruckert and Ellen L. Ruckert, reside at 290 Renlee Avenue, Ellwood City, Pennsylvania. Plaintiffs, David A. Houk and Doreen L. Houk, reside at 289 Renlee Avenue, Ellwood City, Pennsylvania. Plaintiffs together own lots 256 through 264, 299 through 300, 265 through 266, and 210 through 218 of

the Ellwood Heights plan of lots recorded in Lawrence County plot book volume 8, page 9C. Renlee Avenue is depicted as a street in the plot plan and is maintained by Wayne Township up to the point of the Ruckert driveway that is located at the western portion of the lots owned by the Ruckerts. Renlee Avenue is not maintained by Wayne Township from the Ruckert driveway to the intersection of Union Street. Union Street is also a roadway depicted as a street in the plot plan, but has never been maintained or utilized by the township and is not a public street at the location relevant to this lawsuit.

Defendants own real estate located to the east of Union Street. Union Street separates the property owned by defendants adjoining the plot plan from the plaintiffs' property. Defendants' land is accessible from a public road other than Renlee Avenue.

Plaintiffs use the area of Renlee Avenue to gain access to the eastern portion of their property. However, defendants have placed a large amount of bricks, stones and other materials upon the unopened portion of Renlee Avenue and Union Street in order to construct a road. Plaintiffs further allege that defendants have been utilizing the unopened portions of Renlee Avenue and Union Street to access their property, which is not located within the subdivision plan, without any legal right to do so. Plaintiffs claim that continued construction of the road and use of Renlee Avenue and Union Street by defendants should be enjoined.

The foregoing facts are gleaned from the amended complaint and for purposes of this proceeding must be accepted as true.

## LEGAL INSUFFICIENCY OF A PLEADING AND LACK OF CAPACITY TO SUE

Defendants' preliminary objections in the nature of a demurrer and seeking dismissal on the basis of lack of capacity to sue may be considered together as both arguments are based on the nature of the legal interest plaintiffs have in the subject roadways. In deciding preliminary objections, the court must admit "for present purposes every well pleaded material fact set forth in the pleading to which it is addressed, as well as the inferences reasonably deducible therefrom." *Schott v. Westinghouse Electric Corporation,* 436 Pa. 279, 282, 259 A.2d 443, 445 (1969). In order to sustain preliminary objections that would cause a dismissal, the test is whether it is clear and free from doubt that the facts in the pleading will be legally insufficient to establish their right to relief. *Bourke v. Kazaras,* 746 A.2d 642, 643 (Pa. Super. 2000).

Defendants contend that plaintiffs do not allege legal title in plaintiffs to the road in question. However, case law holds where landowners' property abuts an unused road, the landowner has title in fee to one half of the roadway, which is then subject to a private easement of passage for each of the landowners in a plan of lots containing the roadway or abutting the street. *McLaughlin v. Cybulski,* 192 Pa. Super. 7, 10, 159 A.2d 14, 16 (1960) (citing *Rahn v. Hess,* 378 Pa. 264, 106 A.2d 461 (1954)). See also, *Leininger v. Trapizona,* 165 Pa. Commw. 493, 645 A.2d 437 (1994) where the court held that plaintiffs, as landowners adjoining a roadway, retained a fee simple interest in the street up to the centerline, and would have been able to enjoin the defendant from building a road if they would not have consented to the construction and

allowed the defendant to expend great effort and money.

In the case sub judice, it is clear that plaintiffs have alleged a sufficient legal interest in the roadway where they allege that the road in question was never opened for public use, that plaintiffs own land that abuts the unopened road, and that plaintiffs own lots in the plan of lots which includes the road. Plaintiffs retain legal title in the form of a fee simple interest in the road, which is subject to a private right of easement created in favor of any member of the plan.

In a similar case, the Pennsylvania Supreme Court has held that the owners of an easement in a private road laid out in a plot plan were entitled to injunctive relief against the owner of land abutting the plot plan seeking to use the private road to benefit the abutting land. *Kao v. Haldeman,* 556 Pa. 279, 286-87, 728 A.2d 345, 349 (1999).

In *Kao,* the issue was whether or not easement owners were entitled to obtain injunctive relief to prevent trespassers thereon. The easement owners were the owners of lots in a subdivision plan that included West Watson Avenue. The easement owners owned residential properties along the edge of the easement. The Haldemans owned property at the eastern end of the easement, but not in the subdivision plan, and used the easement for access to their abutting property. The paved portion of the easement terminated midway in front of the property of Kao, and the remaining length of the easement at that point to the Haldeman border was maintained in grass and shrubbery. It was alleged that the Haldemans drove over the unpaved portion of the easement, causing it to deteriorate. The properties of the easement holders

were part of a common subdivision plan created in 1919 that encompassed West Watson Avenue. The land had been offered for dedication to public use, but the borough did not accept it. The statutory period for acceptance expired and West Watson Avenue forever lost its potential as a public street. The effect of the ownership of land in the plot plan containing West Watson Avenue was that the lot owners owned title and fee extending from their respective lots to the center line of West Watson Avenue, and that ownership in fee was subject to an easement for the right of passage of all who shared in the easement. That easement extended to any lot owner who was a part of the subdivision plan, as the easement is acquired by implication. The *Kao* case cited *Sentz v. Crabbs,* 428 Pa. Super. 205, 208, 630 A.2d 894, 895 (1993) for the proposition that an easement by implication arises after it is clear that a particular division of property was created by a common grantor and, without specifying that an easement over one of the estates was granted, by implication the use of the parcel would not be possible without the existence of the easement. *Kao,* 556 Pa. at 282, 728 A.2d at 347.

The *Kao* case also noted that it has long been recognized that intrusions upon private easements may be enjoined (citing *Mershon v. Walker,* 215 Pa. 41, 64 A. 403 (1906)) where injunctive relief was granted against the owner of a building that adjoined a private alley that required the removal of structural features that encroached over the easement for the alley. *Kao,* 556 Pa. at 283-84, 728 A.2d at 347-48 further noted that an easement for a private road is private property that can be protected through appropriate legal process. Citing *Chambersburg Shoe Mfg. Co. v. Cumberland Valley R.R.*

*Co.,* 240 Pa. 519, 524, 87 A. 968, 970 (1913), the *Kao* court said that when, as occurred here, lots are sold according to a subdivision plan on which a street has been plotted by the grantor, the purchasers acquire property rights in the use of the street. "Such a right is sometimes called an easement of access which means the right of ingress and egress to and from the premises of the lot owners. It is a property right appurtenant to the land which cannot be impaired or taken away without compensation . . . . *Id.* at 524-25, 87 A. at 970. But that this is a *private right* of property in the lot owner and *not a public right of passage* existing independently of the grant, must be considered as settled law in our state. *Id.* at 525, 87 A. at 970." (emphasis in original)

In *Kao,* the Haldemans had no private right to, or ownership in, the easement, but treated the roadway as a public street even though the street forever lost its character as a public way when the borough failed to accept its dedication to public use. *Kao* concluded that West Watson Avenue was a private road that exists only for the benefit and use of those owning its easement. It merely permits ingress and egress to and from the premises of the lot owners: it is not a public street to be used for access to other destinations, citing *Chambersburg Shoe Mfg. Co., supra;* and *Kanefsky v. Dratch Construction Co.,* 376 Pa. 188, 195, 101 A.2d 923, 926 (1954), holding that easements cannot be used for access to lands to which they are not appurtenant.

In *Kao,* the court further rejected two arguments of the Haldemans which are similar to the arguments being raised here by the defendants. The Haldemans contended in *Kao* that trespassers cannot be excluded unless they have interfered with the rights of passage of the

easement holders. This argument was totally rejected as *Kao* reasoned that to hold otherwise would mean that private roads would be deemed to be public roads, subject only to the requirement that the public not interfere with the use of the private owners. *Kao* specifically stated that private roads, quite simply, are not dedicated public use and are not to be burdened with such use, and that inquiry into whether there has been an actual interference with the owners rights of passage is not required. *Kao, Id.* at 285, 728 A.2d at 349.

In *Kao,* the Haldemans also asserted that the only party with standing to object to a trespasser's use of the easement is the owner of the fee that underlies the easement. In rejecting that argument, the court noted that the easement holders share in the entire length and width of the easement, not merely the portion between the center line of the road and their individual lots. Their full interest in the easement can be protected against unauthorized intrusions and that as owners of the easement for West Watson Avenue, the easement holders were entitled to obtain injunctive relief to prevent trespasses anywhere thereon. *Id.* at 284-85, 728 A.2d at 348.

The foregoing discussion of *Kao* clearly demonstrates that as alleged owners of an easement in a private roadway, plaintiffs had sufficiently alleged a property interest that can be protected through the legal process of seeking an injunction and that easement holders have standing to prevent unauthorized use of the easement.

## NON-JOINDER OF A NECESSARY PARTY

Defendants contend that plaintiffs' amended complaint should be dismissed because plaintiffs failed to join a

necessary party, Wayne Township, to this cause of action under Pa.R.C.P. 2227.

Pa.R.C.P. 2227 addresses compulsory joinder, which states:

"(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."

A party is indispensable to an action when their rights are connected with the claims of the litigants in such a way that a decree cannot be made without impairing those rights. *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 481, 431 A.2d 953, 957 (1981).

"The determination of an indispensable party question involves at least these considerations: (1) Do absent parties have a right or interest related to the claim? (2) If so, what is the nature of that right or interest? (3) Is that right or interest essential to the merits of the issue? (4) Can justice be afforded without violating the due process rights of absent parties?" *Id.*

Here, all that plaintiffs seek to adjudicate is the defendants' right to utilize the roadway in which plaintiffs claim an easement. The rights of the township cannot be foreclosed by this proceeding. No due process right of the township will be violated by any decision in this case nor will any decision be binding on the township. The non-joinder of the township does not prevent defendants from proving the roadway is in fact a public way, if such proof exists.

## FAILURE TO EXHAUST STATUTORY REMEDIES

Defendants also contend that plaintiffs failed to pursue statutory remedies before filing suit in this court.

A township board of supervisors may by ordinance open or vacate all roads within a township. A petition presented to the board of supervisors making such a request is authorized under 53 P.S. §67304. Also, the court shall have the authority under law to vacate roads in whole or in part because the road has become useless or burdensome pursuant to 36 P.S. §1981. A complaint filed pursuant to 36 P.S. §1961 may be adjudicated by the court without a petition being presented to the board of supervisors. *In re Watzel Ave. in Ransom Township,* 175 Pa. Super. 339, 104 A.2d 173 (1954).

Here, the foregoing statutes are irrelevant. Neither procedure relates to enjoining the interference with a private right of easement in a private roadway. Neither statute could in any way provide a vehicle for relief to plaintiffs based on the facts as alleged by plaintiffs. *Kao v. Haldeman, supra,* has expressly approved a proceeding for injunctive relief as the appropriate legal process to address plaintiffs' claim. It would be nonsensical to require plaintiffs to first petition the township to vacate a roadway where plaintiffs contend the township has never accepted any dedication of that roadway nor made any use of the same.

Defendants have also included in their preliminary objections a claim for attorney fees on the basis that the amended complaint is devoid of any merit. Since the court will deny the defendants' preliminary objections above referenced, there can be no basis for an award of attorney fees at this juncture of the case.

## ORDER

And now, February 26, 2007, for the reasons set forth in the accompanying opinion of even date herewith, it is

ordered, adjudged and decreed that defendants' preliminary objections to plaintiffs' amended complaint are denied. Defendants shall file an answer to the amended complaint within 20 days of the date this order is docketed.